OPINION
{¶ 1} Appellant, Stacey L. Welty, appeals from the January 4 and January 17, 2007 judgment entries of the Ashtabula County Court of Common Pleas, Juvenile Division, which denied her emergency ex parte motion for temporary custody and her motion to hold appellee in contempt. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} Appellee, James C. Welty, ("Mr. Welty"), filed for a divorce, citing grounds of gross neglect of duty, extreme cruelty, and incompatibility on June 2, 1999, in the Ashtabula County Court of Common Pleas, Juvenile Division, against appellant, Stacey L. Welty (now known as "Ms. Kister"). The parties were married in Clearwater, Florida, on September 14, 1997, and one child was born of the marriage, Riley Marie Welty ("Riley") on December 20, 1998. At the time of the divorce, Ms. Kister had custody of Riley and her child from another marriage that ended in 1994, Kaihla A. Smith.
 {¶ 4} The voluminous record of this case reflects the lengthy, convoluted and contentious procedural history between Mr. Welty and Ms. Kister. For the sake of brevity, it is sufficient to state that prior to the case being certified to the juvenile court on January 18, 2002, the parties filed numerous motions to show cause, as well as motions regarding temporary child support, spousal support, custody and visitation. Both parties for a time had temporary restraining orders against the other. Ms. Kister had at least five of her counsels withdraw their representation, and the case had three different Guardian Ad Litems ("GAL") appointed. After multiple continuances, the final decree of the parties was issued on June 7, 2001.
 {¶ 5} On January 18, 2002, Mr. Welty filed a motion to certify the record to the jurisdiction of the juvenile court submitting that there were ongoing parental difficulties between the parties. The court certified the record to the Ashtabula County Court of Common Pleas, Juvenile Division, on January 30, 2002. On February 26, 2002, the juvenile court then appointed Ms. Jane Jackson as GAL, who had been serving as the GAL in this case since January 9, 2001. Thereafter, the parties continued their litigious history, filing multiple motions for continuances, emergency ex parte motions for *Page 3 
parenting time, as well as motions on visitations, for temporary restraining orders, and to make-up visitation.
 {¶ 6} On August 26, 2002, the GAL filed a motion for a review of visitation, which the court granted on August 30, 2002 and set for review on October 29, 2002. The review hearing and arraignment and hearing on the motion to show cause was somewhat delayed and eventually held before the magistrate on December 20, 2002. The magistrate subsequently issued a decision on February 7, 2003, which scheduled a pretrial on the motion to show cause for February 23, 2003, and further found that Ms. Kister did not qualify for court appointed counsel pursuant to the financial affidavit she submitted, since Ms. Kister was without counsel at that time. The magistrate also issued an order of visitation, which was amended on February 19, 2003, to modify the parties' transportation arrangement, and the order was then adopted by the juvenile court on March 6, 2003.
 {¶ 7} In relevant part, this March 6, 2003 judgment entry adopted the parties' agreement that Riley would not be exposed to cigarette smoke. The order also granted Ms. Kister's February 24, 2003 motion for a continuance filed by her new counsel, and rescheduled the motion to show cause hearing for June 11, 2003.
 {¶ 8} On June 5, 2003, the court issued a judgment entry after holding a hearing on June 4, 2003, on several of the parties' motions, which consolidated all of the motions to show cause, ordered both parties to undergo forensic evaluations, and denied Ms. Kister's counsel's motion to withdraw. Ms. Kister then denied the April 7, 2003 and June 4, 2003 motions to show cause and her bond was set in the amount of $5,000 personal recognizance. *Page 4 
 {¶ 9} At the hearing on the motions to show cause on September 19, 2003, the court found Ms. Kister to be in direct contempt of court and sentenced her to fourteen days in the Ashtabula County Jail. Further, the court issued a judgment entry on September 24, 2003, which found that the evidence clearly and convincingly showed that Ms. Kister failed to follow three previous orders of the court concerning visitation and therapy. Due to Ms. Kister's jail sentence, both Riley and her half-sister, Kaihla Smith, were found to be dependent children. Furthermore, the court found it in the children's best interests to be removed from the care and custody of the mother. Thus, the Ashtabula County Children Services Board ("ACCSB") was ordered temporary custody of Kaihla and Mr. Welty, under the protective supervision of the ACCSB, was ordered temporary custody of Riley. Lastly, the court granted the motion for attorney fees against Ms. Kister.
 {¶ 10} Thereafter, the parties filed numerous custody motions and in relevant part, the legal custody hearing was delayed in a judgment entry issued on October 15, 2003, until the parties' complied with a previous order that directed them to undergo forensic evaluations. It should also be noted that the GAL filed a motion on October 16, 2003, in opposition to Ms. Kister's motion to terminate Mr. Welty's temporary custody, which the court had already denied on October 15, 2003. Ms. Kister's counsel then filed a motion to withdraw, which was granted on December 27, 2005.
 {¶ 11} On August 23, 2005, the court granted ACCSB's motion to terminate protective supervision and grant legal custody to Mr. Welty, after finding that Dr. Tener, the doctor who conducted the forensic evaluation of both parties, recommended that the child should stay with her father; and that Ms. Kister continued to violate court orders *Page 5 
and refused to sign releases of information. As of the date of Ms. Kister's appeal, February 13, 2007, a hearing was pending on Ms. Kister's September 12, 2006 motion for change of custody.
 {¶ 12} In relevant part to Ms. Kister's assignments of error, she filed a motion to show cause on October 2, 2006, alleging that Mr. Welty acted inappropriately around Riley, and further, that Mr. Welty was in violation of the visitation agreement since Riley was allegedly being exposed to cigarette smoke when she was around her paternal grandparents. Ms. Kister also filed an emergency motion for temporary custody on December 8, 2006, to which Mr. Welty replied on January 3, 2007, and which the court denied on January 4, 2006.
 {¶ 13} The court held hearings on Ms. Kister's motion to show cause and for attorney fees on November 9, 2006, and January 10, 2007. The court issued a judgment entry on January 16, 2007, which denied her motions, finding that there was no evidence to sustain a finding of contempt, and further awarded attorney fees to Mr. Welty's counsel in the amount of $1,662.50.
 {¶ 14} Ms. Kister now timely appeals from the January 4, 2006 judgment entry, which denied her emergency motion for temporary custody and the January 16, 2007 judgment entry, which denied her motion to show cause.
 {¶ 15} Ms. Kister raises two assignment of error:
 {¶ 16} "[1.] The trial court erred in denying the motion of appellant for temporary custody.
 {¶ 17} "[2.] The trial court erred in denying the appellant's motion to show cause and in ordering the appellant to pay attorney fees to appellee's counsel." *Page 6 
 {¶ 18} Emergency Motion for Temporary Custody
 {¶ 19} In her first assignment of error, Ms. Kister contends that the trial court erred in denying her emergency motion for temporary custody, which the juvenile court summarily denied on January 4, 2007, after Mr. Welty filed his brief with affidavits from both himself and his girlfriend on January 3, 2007. The record reflects that at the time Ms. Kister made this motion, December 8, 2006, there had been no final order regarding the legal custody determination sought by Ms. Kister's motion for change of custody.
 {¶ 20} Inasmuch as the ruling complained of is a denial of a temporary order, we must dismiss this portion of the present appeal. The record reflects that Riley was previously adjudicated a dependent child of the state and that the court placed her under the protective supervision of the ACCSB while she was in the temporary custody of Mr. Welty. The court then granted ACCSB's motion, terminated protective supervision, and granted Mr. Welty legal custody of Riley. Ms. Kister then filed a motion to change custody and as required, this matter was set for a full hearing and is still pending before the court.
 {¶ 21} The denial of a temporary order is not a final appealable order pursuant to R.C. 2505.02 since "temporary custody orders are interlocutory in nature and generally not final and appealable."Keyerleber v. Keyerleber, 11th Dist. No. 2004-A-0040, 2005-Ohio-60, ¶ 2, citing Brooks v. Brooks (1996), 117 Ohio App. 3d 19.
 {¶ 22} Accordingly, this assignment of error is sua sponte dismissed.
 {¶ 23} Motion to Show Cause *Page 7 
 {¶ 24} In her second assignment of error, Ms. Kister contends that the trial court erred in denying her motion to show cause and in awarding Mr. Welty attorney fees. Specifically, she argues that the trial court abused its discretion in not holding Mr. Welty in contempt for what she believed was a clear violation of the March 6, 2003 judgment entry, which prohibited Riley from being exposed to secondhand cigarette smoke. In relevant part, the order states at p. 2, ¶ 8: "Neither parent have the child around or near anyone who smokes cigarettes." We find this contention to be without merit.
 {¶ 25} "[A] refusal to punish any disobedience is largely, if not solely, within the sound discretion of the court and will not be disturbed on review absent an abuse of discretion." Walsh v. Walsh (Dec. 2, 1994), 11th Dist. No. 94-G-1841, 1994 Ohio App. LEXIS 5413, 9, citingLentz v. Lentz (1924), 19 Ohio App. 329, 334. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., citing Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 26} Further, when reviewing evidence presented at trial, "an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence." Id. citingLandis v. Kelly (1875), 27 Ohio St. 567; State ex rel. Shady AcresNursing Home, Inc. v. Rhodes (1983), 7 Ohio St.3d 7. "Moreover, if the judgment of the trier of fact is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id. at 9-10, citing CE. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. "The rationale for this deference rests with the trier of fact being able to observe witnesses' demeanor, *Page 8 
gestures and voice inflections, and to use these observations in weighing the credibility of the witness." Id.
 {¶ 27} The court held a hearing on Ms. Kister's motions to show cause and Mr. Welty's motion for attorney fees on November 9, 2006, and January 10, 2007. Ms. Kister presented the testimony of several witness, including Ms. Kim Ketchum, Mr. Welty's girlfriend; Ms. Kathleen Welty, Mr. Welty's mother; Mr. James Welty, Sr., Mr. Welty's father; Ms. Katie Balog, supervisor of visits for Rooms To Grow for ACCSB; Ms. Beverly Anderson, caseworker for ACCSB; and Ms. Kister herself. Ms. Kister also entered into evidence Riley's medical records.
 {¶ 28} After a review of the evidence, the court found that Ms. Kister failed to prove by even a preponderance of the evidence that Mr. Welty was in violation of the March 6, 2003 order. Thus, the court found there was no evidence to suggest Riley was being exposed to cigarette smoke. We agree with the court, finding Ms. Kister's claim to be without merit. We also note, as did the court below, that in the almost four years since the March 6, 2003 order was issued Ms. Kister has never complained of this condition to Mr. Welty, which she now claims was occurring all along.
 {¶ 29} "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders." Willoughby v. Masseria, 11th Dist. No. 2002-G-2437, 2003-Ohio-2368, ¶ 25, citing Moraine v. Steger Motors,Inc. (1996), 111 Ohio App.3d 265, 268. "In order to be clear and convincing, evidence must leave the trier of fact with the firm conviction or belief that the allegations involved are true." Id. citingMoraine at 268, citing Cross v. Ledford (1954), 161 Ohio St. 469. *Page 9 
 {¶ 30} A review of the evidence reveals that Ms. Kister failed to carry her burden of proof in establishing that Mr. Welty violated the cigarette provision per the March 6, 2003 judgment entry order. To support her allegation Ms. Kister presented the testimony of several witnesses. However, we agree with the trial court that none of the witnesses, with the exception of Ms. Balog, the prior visitation supervisor who has since been replaced, smelled cigarette smoke on Riley after her visits with Mr. Welty.
 {¶ 31} Specifically, in regard to Ms. Balog's testimony the court found that: "This visitation supervisor, the court notes, has testified before this court before, has little or no credibility in this court's mind and was removed from this particular case."
 {¶ 32} We defer to the juvenile court's determination that this witness had little or no credibility. This is so since "[i]t is well settled that when assessing the credibility of witnesses, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" State v. McKinney, 11th Dist. No. 2006-L-169, 2007-Ohio-3389, ¶ 49, citing State v.Grayson, 11th Dist. No. 2006-L-153, 2007-Ohio-1772, ¶ 31, citingState v. Awan (1986), 22 Ohio St. 3d 120, 123. "Indeed the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Id. citing Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, 8.
 {¶ 33} We also note that there is ample justification for the court's determination. Specifically, Ms. Balog testified that she was removed from the case on May 9, 2005 after Mr. Welty and his parents made several complaints to her supervisor regarding her lax supervision when Ms. Kister was visiting Riley. Ms. Anderson, a case supervisor, *Page 10 
then testified that Ms. Balog was removed from the case because: "she was not supervising the visitation she should be. She wasn't always in the room, not always listening to what was being said during the visits." Further, she testified that the complaints came from both parties, both Mr. Welty and his parents, and from the father of Ms. Kister's other child, Kaihla Smith.
 {¶ 34} Thus, the fact that Ms. Balog testified in favor of Ms. Kister and that she and Ms. Kister were the only witnesses to testify that they smelled cigarette smoke on Riley is hardly surprising. Ms. Balog's testimony was at best contradictory and at its worst incredible. We find no abuse of discretion in the trial court's determination that Mr. Welty did not violate the smoking provision.
 {¶ 35} Motion for Attorney Fees
 {¶ 36} Ms. Kister next alleges that the court erred in granting Mr. Welty's counsel's motion for attorney fees. Specifically, she contends that the trial court erred in awarding attorney fees since the court did so without holding a hearing or making any specific findings as required by Ashtabula County Loc.R. 26. She also argues that specific findings are required pursuant to R.C. 3105.73(B). We find these contentions to be without merit.
 {¶ 37} "A trial court has broad discretion in the award of attorney fees." Bates v. Bates (Dec. 7, 2001), 11th Dist. No. 2000-A-0058, 2001-Ohio-8743, 13, citing Birath v. Birath (1988), 53 Ohio App. 3d 31,39. "A court's decision on a request for attorney fees will not be reversed absent an attitude that is unreasonable, arbitrary, or unconscionable." Id., citing Dunbar v. Dunbar (1994),68 Ohio St. 3d 369, 371. *Page 11 
 {¶ 38} Mr. Welty correctly asserts that the Ashtabula County Local Rules do not apply to the juvenile court since the juvenile court has not adopted them.
 {¶ 39} R.C. 3105.73(B), states in pertinent part: "[i]n any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."
 {¶ 40} In this case, we do not find the court's award of $1,662.50 to Mr. Welty's counsel for defending Ms. Kister's groundless motion to show cause and for attorney fees an abuse of discretion. The record reveals the parties' litigious and contentious history, in which numerous allegations and motions to show cause have been filed. Further, Ms. Kister is merely reiterating the same allegations she made in 2001. At that time, well over seven years ago, ACCSB investigated the matter and shortly thereafter, closed the investigation finding the allegations groundless. Thus, the record evidences that the court's award of attorney fees in this case is reasonable. This is especially so since "[a]n award of attorney's fees may be predicated upon one party intentionally causing the other party to incur unnecessary, substantial fees or when that party has been responsible for much of the litigation." Bates at 14, citing Kelly-Doley v. Doley (Mar. 12, 1999), 11th Dist. No. 96-L-217, 1999 Ohio App. LEXIS 939.
 {¶ 41} Ms. Kister further contends that if the court awards attorney fees under R.C. 3105.73(B), then the court is required to issue specific findings. However, the statute is clear that: "* * * In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors *Page 12 
the court deems appropriate, but it may not consider the parties' assets." Notably absent is the requirement that the court issue specific findings of fact. In addition, Ms. Kister was free to file a Civ.R. 52 motion to petition the court to issue specific findings of fact. Rather, R.C. 3105.73(B) provides guidance as to the factors the courtmay consider, among other factors that may be present under the circumstances of a specific case.
 {¶ 42} Moreover, we have long held in cases such as these that the court "may evaluate the work performed by an attorney in a domestic-relations action * * * [a]nd * * * may use its own knowledge and experience to determine the reasonableness the amount claimed."Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, ¶ 44. See, also, Ward v. Ward (June 18, 1985), Franklin App. No. 85AP-61, 1985 Ohio App. LEXIS 8124. This is especially so in a case such as this where both parties' submitted attorney fee affidavits and the court is well versed with the parties' history and their counsel. Thus, we cannot conclude that the court abused its discretion in taxing the costs of the action against Ms. Kister.
 {¶ 43} Ms. Kister's second assignment of error is dismissed.
 {¶ 44} The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
DIANE V. GRENDELL, J.,
 TIMOTHY P. CANNON, J., concur. *Page 1