[Cite as *Zupan v. Zupan*, 2013-Ohio-2629.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LISA A. ZUPAN, KNA PICIACCHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JOSEPH T. ZUPAN | : | Case No. 13-COA-006 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County
Court of Common Pleas, Case No.
10-DIV-177

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     June 17, 2013

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

CATHERINE D. GOLDMAN     BRIAN J. HALLIGAN
Weldon, Huston & Keyser, L.L.P     VALERIE A. LANG
76 N. Mulberry Street     Halligan & Lang Co., LPA
Mansfield, OH 44902     1149 East Main Street
     P.O. Box 455
     Ashland, OH 44805

*Baldwin, J.*

{¶1} Appellant Joseph T. Zupan appeals a judgment of the Ashland County Common Pleas Court, Domestic Relations Division, overruling his motion to find appellee Lisa. A. Piciacchio in contempt of court.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} The parties entered into a separation agreement, which was adopted into a judgment entry of divorce filed on February 23, 2012. Appellant filed a motion seeking to hold appellee in contempt of court on July 27, 2012. His complaint alleged that appellee was in contempt for moving and failing to notify appellant of her address, and for failing to properly maintain the marital home during the time she occupied the home from February 23, 2012, until June 20, 2012.

{¶3} The case proceeded to an evidentiary hearing before a magistrate. The magistrate found that appellee was not in contempt of court. The magistrate found that the divorce judgment did not require appellee to notify appellant of her address, and further that appellant knew where she lived. The magistrate found that appellee was not in contempt of court for failing to maintain the home prior to vacating the premises. The magistrate found that appellant did not inspect the property prior the time of the divorce and no appraisal or evidence concerning the condition of the home was presented to establish if there was a deterioration of the home from February, 2012, through June, 2012, for which appellee would be responsible. The magistrate found that appellant chose to make repairs to maximize his profits on sale of the home, and that appellant testified that the home was in a liveable condition when appellee moved

out of the home. The magistrate further found that appellant failed to mitigate his damages.

{¶4} Appellant filed objections to the magistrate's report. However, appellant did not file a transcript of the magistrate's hearing. The court was therefore limited to reviewing the magistrate's findings to determine if they were sufficient to support the conclusions of law. The court adopted the magistrate's decision as the order of the court.

{¶5} Appellant assigns three errors on appeal:

{¶6} I. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHERE APPELLEE INDISPUTABLY FAILED TO SERVE APPELLANT WITH A NOTICE OF INTENT TO RELOCATE AND FURNISH APPELLANT WITH HER CURRENT ADDRESS.

{¶7} II. THE TRIAL COURT ERRED IN CONDLUCING THAT SERVICE OF PROCESS RENDERS AS MOOT SANCTIONS FOR A RESIDENTIAL PARENT'S FAILURE TO FURNISH AN ADDRESS.

{¶8} III. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE APPELLANT DID NOT AGREE TO ACCEPT THE MARITAL REAL ESTATE IN AN AS-IS CONDITION AND HAD NO DUTY TO MITIGATE.

I.

{¶9} Appellant argues in his first assignment of error that the court erred in adopting the magistrate's decision because appellee "indisputably" failed to furnish appellant with her current address. Appellant argues that while the decree of divorce

may not expressly require appellee to furnish him with her address, a copy of Loc. R. 20 was attached to the decree, and the rule requires notification of a change of address.

{¶10} Appellant did not file a transcript of the proceedings with the trial court for ruling on his objections as required by Civ. R. 53(D)(3)(b)(iii). Appellant also has not filed a transcript with this Court. When the party objecting to a magistrate's report fails to provide a transcript, our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). In order to find an abuse of discretion, we must determine whether the trial court acted unreasonably, arbitrarily or unconscionably and there was not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane,* 5th Dist. No. 00CA21, 2001 WL 474267 (May 2, 2001). Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Sochor v. Smith,* 5th Dist. No. 00CA00001 (June 28, 2000).

{¶11} The court found that pursuant to the terms of the decree, Local Rule 20 was attached for purposes of clarifying a parenting schedule should the parties not be in agreement, not for the purpose of ordering appellee to furnish appellant with an address. The court further noted that appellant had appellee's address, and that he had sent her a text message to request her address. We find no abuse of discretion in the court's decision that appellee was not in contempt of court.

{¶12}   The first assignment of error is overruled.

II.

{¶13}   In his second assignment of error, appellant argues that the court erred in finding that his knowledge of appellee's address renders moot the issue of contempt for appellee's failure to provide an address.  As noted in the first assignment of error, the court found that the decree did not require appellee to furnish appellant with her address, and Local Rule 20 was incorporated into the decree for purposes of clarifying the parenting schedule, not for purposes of requiring appellee to notify appellant of her address.  In the first assignment of error, we found no abuse of discretion in this finding. Therefore, the court's finding that the issue is moot because appellant obtained appellee's address is unnecessary to support the finding that she was not in contempt, and we need not address this issue.

{¶14}   The second assignment of error is overruled.

III.

{¶15}   Appellant argues that the court erred in finding that he was required to accept the property in an "as is" condition and that he was required to mitigate damages.

{¶16}   The court also found that there was no evidence that there was a diminution in the value of the property from February, 2012, through June, 2012. Appellant does not challenge this finding, and in the absence of a transcript appellant cannot demonstrate that this finding was not supported by the evidence.  Regardless of whether appellant was required to mitigate damages or accept the property "as is," the court found that the evidence did not establish that appellee failed to comply with the provisions of the decree concerning maintaining the home.  As this is an independent

basis for the court's finding that she was no in contempt on this issue, we need not address the issue of whether appellant was required to accept the property in an "as is" condition or whether he was required to mitigate damages.

{¶17}   The third assignment of error is overruled.

{¶18}   The judgment of the Ashland County Common Pleas Court, Domestic Relations Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *Zupan v. Zupan*, 2013-Ohio-2629.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LISA A. ZUPAN, KNA PICIACCHIO | : | |
| Plaintiff –Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| JOSEPH T. ZUPAN | : | |
| Defendant - Appellant | : | CASE NO. 13-COA-006 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE