[Cite as *Lundy v. Lundy*, 2013-Ohio-3571.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

KELLI R. LUNDY,                                       :          **O P I N I O N**

       Plaintiff-Appellant,                      :

     - vs -                                            :          **CASE NO. 2012-T-0100**

MARK E. LUNDY,                                    :

       Defendant-Appellee.                    :


Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2011 DR 321.

Judgment: Affirmed.


*Thomas E. Schubert*, 138 East Market Street, Warren, OH 44481 (For Plaintiff-Appellant).

*Rhonda L. Granitto Santha*, 6401 State Route 534, Farmington, OH 44491 (For Defendant-Appellee).


DIANE V. GRENDELL, J.

{¶1}  Plaintiff-appellant, Kelli R. Lundy, now known as Kelli El Gazzer, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, finding her in contempt, ordering her to serve 30 days in the Trumbull County Jail, and awarding attorney fees to defendant-appellee, Mark E. Lundy. The issues to be determined by this court are whether the merits of an underlying order leading to a contempt violation can be challenged on an appeal from a contempt finding, whether an order is vague when it does not state the ending date of the order, and whether attorney

fees can be awarded when no evidence is presented as to whether they are reasonable. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 29, 2001, El Gazzer filed a Complaint in Divorce from her husband, Mark E. Lundy.

{¶3} On June 5, 2002, a Journal Entry (Decree of Divorce) was filed, granting El Gazzer and Lundy's divorce on the grounds of incompatibility. The Entry designated El Gazzer as the residential parent of the couple's three children, and ordered Lundy to pay child support.

{¶4} On November 12, 2002, El Gazzer filed a Motion to Modify Child Support, asserting that Lundy's income had increased. On December 17, 2002, a Magistrate's Decision was filed, raising the amount of support owed by Lundy from $700 to $816 per month. The Decision also stated that "Defendant [Lundy] [is] to claim all 3 children for tax purposes." This was adopted by the trial court in a Judgment Order on the same date.

{¶5} Following a Motion filed by El Gazzer, on January 6, 2004, the trial court issued a Judgment Order relating to the parties' retirement benefits, ordering that El Gazzer be responsible for providing health insurance and that Lundy pay all uninsured health care expenses for the children. An Agreed Judgment Entry was filed on the same day, relating to Lundy's parenting time.

{¶6} On June 17, 2005, the court issued an Order finding that a Motion for Modification of Child Support filed by Lundy had been withdrawn.

{¶7} On March 21, 2006, a Request for Approval of Administrative Hearing Recommendation was filed with the trial court, in which the Trumbull County Child

Support Enforcement Agency recommended that Lundy's child support obligation be modified to $644 per month. This was adopted by the trial court on March 23, 2006.

{¶8} On January 26, 2010, Lundy filed a Motion to Show Cause, requesting that El Gazzer be ordered to show why she should not be held in contempt of court for claiming the three children as dependents for tax purposes in the tax year of 2007. Lundy asserted that, pursuant to the December 17, 2002 Order, he is entitled to claim the children as dependents, and asked that El Gazzer be required to file an amended tax return.

{¶9} On March 26, 2010, El Gazzer responded and stated that she believed the order allowed Lundy to claim the children as dependents for only one year.

{¶10} On April 21, 2010, a Magistrate's Decision was filed, as well as a Judgment Order by the court adopting the Decision. The court found that Lundy "was awarded the tax exemption for all three (3) children." The court held the Motion in abeyance, allowing El Gazzer to file amended tax returns for any years she claimed the children as dependents. The Order stated that the failure to file such returns would result in a finding of contempt, and set a compliance hearing on a future date.

{¶11} Pursuant to El Gazzer's request, Findings of Fact and Conclusions of Law were issued, in which the magistrate found that El Gazzer admitted to claiming the children as dependents on her 2007 taxes, and under the trial court's December 17, 2002 Order, Lundy was entitled to claim the children as dependents. These findings and conclusions were approved by the court.

{¶12} Subsequently, El Gazzer filed Objections to the Magistrate's Decision and argued that the trial court's December 2002 Order was vague and void, since it did not

determine whether allowing Lundy to claim the children as dependents was in their best interest. On November 5, 2010, the trial court issued a Judgment Order, overruling the Objections.

{¶13} El Gazzer's subsequent appeal was dismissed by this court for lack of a final appealable order in *Lundy v. Lundy*, 11th Dist. Trumbull No. 2010-T-0123, 2011-Ohio-2332, since no finding of contempt had been made. *Id.* at ¶ 4.

{¶14} On September 20, 2011, a Magistrate's Decision was issued, finding El Gazzer in contempt, ordering her to serve 30 days in jail, and to pay attorney fees in the amount of $500. The court allowed her to purge the contempt by filing amended tax returns. The decision was adopted by the trial court in a November 3, 2011 Order, and El Gazzer filed similar objections, which were again overruled.

{¶15} On September 30, 2011, El Gazzer filed a Proposed Statement of Proceedings of the September 20, 2011 Compliance Hearing. It stated that no record or evidence was taken, that El Gazzer had not filed amended tax returns, and Lundy's counsel requested attorney fees. This statement was adopted by the court on November 23, 2011.

{¶16} Following a second Notice of Appeal, this court held that, since El Gazzer was permitted to purge her contempt violation, the November 3, 2011 Order was not final. *Lundy v. Lundy*, 11th Dist. Trumbull No. 2011-T-0110, 2012-Ohio-2007, ¶ 5.

{¶17} On November 1, 2012, the trial court issued a Judgment Order, adopting the Magistrate's Decision filed the same date, holding that El Gazzer "is sentenced to thirty (30) days in the Trumbull County jail" and staying the sentence pending the appeal. El Gazzer's subsequent objections were overruled.

4

{¶18} El Gazzer timely appeals and raises the following assignments of error:[1]

{¶19} "[1.] The trial court erred to the prejudice of the Plaintiff/Appellant when it held that the judgment entry of December 16, 2002, which stated that, 'Defendant to claim all 3 children for tax purposes,' complied with the mandates of Section 3119.82, O.R.C., and was not void for vagueness. Furthermore, the statute requires, 'If the court determines that the parent who is not the residential parent…may claim the children as dependents for federal income tax purposes, it shall order the residential parent to take whatever action is necessary…to claim the children as dependents for federal income tax purposes in accordance with the order of the court, etc. The order must contain this language to be enforceable otherwise it is void.

{¶20} "[2.] The trial court erred to the prejudice of Plaintiff/Appellant when it found that the Magistrate's decision of December, 2002, the Agreed Judgment Entry of January 6, 2004, the court's order of June 17, 2005, and the Child Support Enforcement Agency recommendations of 2006 were legally adequate to award to Defendant/Appellee the minor child dependency deductions for federal income tax return purposes.

{¶21} "[3.] The trial court erred to the prejudice of Plaintiff/Appellant when it held that the judgment entry of December, 2002 survived the administrative review and subsequent court entries of January, 2004, June, 2005 and March, 2006, and disregarded the dispositive effect of the ruling of the Internal Revenue Service.

{¶22} "[4.] The trial court erred to the prejudice of Plaintiff/Appellant when in its finding of contempt, [it] awarded attorney fees when no evidence was taken to allow a reviewable determination of reasonable attorney fees.

---

1. Lundy did not file an appellee's brief.

5

**{¶23}** "[5.] The trial court erred to the prejudice of Plaintiff/Appellant when it ordered Plaintiff to file Amended Tax Returns for all years since 2002 and to sign the necessary IRS Form to permit the Defendant/Appellee to claim the children as ordered in its Order of April 21, 2010."

**{¶24}** The assignments of error will be considered out of order for ease of discussion.

**{¶25}** In her first assignment of error, El Gazzer argues that the December 17, 2002 trial court order allowing Lundy to claim the children as dependents for tax purposes is vague and did not give her notice of her obligations, such that contempt would be enforceable.

**{¶26}** "[I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." *Nolan v. Nolan*, 11th Dist. Geauga No. 2007-G-2757, 2008-Ohio-1505, ¶ 28, citing *Winebrenner v. Winebrenner*, 11th Dist. Lake No. 96-L-033, 1996 Ohio App. LEXIS 5511, 7 (Dec. 6, 1996). This court has described an abuse of discretion as a judgment "which does not comport with reason or the record," and one in which the court failed "to exercise sound, reasonable, and legal decision-making." (Citations omitted.) *In re Beynenson*, 11th Dist. Geauga No. 2012-G-3066, 2013-Ohio-341, ¶ 12.

**{¶27}** "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders." (Citation omitted.) *Willoughby v. Masseria*, 11th Dist. Geauga No. 2002-G-2437, 2003-Ohio-2368, ¶ 25. Clear and convincing evidence "is that measure or degree of proof which will produce in

6

the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶28} In support of El Gazzer's argument that a vague order cannot be enforceable in contempt proceedings, she cites *Geiss v. Geiss*, 5th Dist. Delaware No. 96CAF05023, 1997 Ohio App. LEXIS 3326 (July 1, 1997). In *Geiss*, the Fifth District held, in the context of evaluating a Civ.R. 60(B) motion, that the court's underlying order was too vague to be enforceable against the appellant. Although that case did not involve a contempt proceeding, the court did hold that contempt "should not be used to enforce a decree which does not give notice to the parties what is expected from them." *Id.* at 4, citing *State ex rel. Fraternal Order of Police v. Dayton*, 49 Ohio St.2d 219, 223, fn. 4, 361 N.E.2d 428 (1977) (an order must be able to be understood by the party against whom contempt is sought).

{¶29} In the present case, the December 2002 Order of the trial court was not so vague that El Gazzer was unable to understand what was required of her or that compliance was impossible. The order stated: "Defendant to claim all 3 children for tax purposes." These words can have only one meaning, that Lundy was the parent entitled to claim the children for tax purposes. Although El Gazzer asserts that the Order did not contain a statement specifying how long it should continue, this does not render the Order vague, but, instead, should lead a reasonable person to believe that it would continue unless changed. She points to nothing in the record that would lead the parties, or this court, to believe that the Order was only to apply for one year.

{¶30} El Gazzer also argues that it is unclear what "tax purposes" means. There seems to be only one interpretation of this phrase, that the defendant could declare the

children as dependents on his tax returns. El Gazzer again provides no other plausible interpretation. If El Gazzer believed that the Order was improper or unclear, she could have appealed the Order at the time it was issued, which she failed to do. She also never attempted to modify the Order in the trial court or sought clarification as to her obligations. Based on the foregoing, we cannot find that the trial court abused its discretion in enforcing the Order against El Gazzer.

{¶31} The first assignment of error is without merit.

{¶32} In her second assignment of error, El Gazzer argues that the December 2002 Order allowing Lundy to claim the children as dependents did not follow the mandates of R.C. 3119.82. She essentially argues that since the court did not consider the necessary factors to allow Lundy to declare the children as dependents for income tax purposes, the underlying Order was invalid and she should not be held in contempt of court.

{¶33} Under R.C. 3119.82, a trial court may order that the non-residential parent can claim children as dependents for federal tax purposes only upon a finding that it is in the best interest of the children. El Gazzer argues that the court did not consider the best interest of the children in 2002 when ordering that Lundy, the non-residential parent, could claim the children as dependents.

{¶34} This court has previously held that when considering an appeal from a trial court's finding of contempt, the appellant cannot raise as a defense challenges to the merits of the underlying order from which the appellant did not directly appeal. *Lucas v. Lucas*, 11th Dist. Lake No. 2007-L-058, 2007-Ohio-5607, ¶ 12. In *Lucas*, this court found that a challenge to the allocation of day care expenses in the shared parenting

plan was not a defense to the finding of contempt for failure to pay such expenses, since "[a]n order issued by a court of competent jurisdiction over the subject matter and the parties must be obeyed by the parties until it is reversed by orderly and proper proceedings, if the trial court has committed error in rendering [the] same." *Id.* This court held that since the appellant did not appeal from the claimed error upon entry of the decree of divorce and also did not object in subsequent proceedings modifying the decree, he could not pursue such arguments in an appeal from a finding of contempt. *Id.* ("[i]nviting a finding of contempt, and appealing from it, is no substitute for a proper appeal from a trial court's alleged error").

**{¶35}** Other districts have made similar findings, prohibiting an appellant from raising arguments related to the merits of an order that was violated in an appeal from a finding of contempt. *Ahmad v. Ahmad*, 2nd Dist. Montgomery No. 23740, 2010-Ohio-5635, ¶ 23 (appellant could not question the validity of the original judgment in an appeal from contempt of that order, because the judgment was valid until overturned by direct attack); *Bruce v. Bruce*, 3rd Dist. Logan No. 8-82-3, 1982 Ohio App. LEXIS 15263, 4-5 (Aug. 11, 1982) (since the appellant failed to appeal from the decree in which the order leading to the contempt was made, the order "remained a subsisting enforceable order which the trial court had no right to review or reverse when the issue of validity was raised merely in defense of the contempt motion").

**{¶36}** We also note there is no evidence that the trial court's December 17, 2002 Order can be collaterally attacked, since El Gazzer has not shown that the judgment was void and a nullity. Provided that a judgment was voidable, and not void, errors relating to the underlying order must be raised on direct appeal, not in subsequent

9

contempt proceedings. *In re Marriage of Henson*, 11th Dist. Trumbull No. 2006-T-0065, 2007-Ohio-4376, ¶ 29 and 31 (if the judgment is within the subject matter jurisdiction of the court, but is "flawed and erroneous," then the judgment is deemed voidable and "the original order may not be collaterally attacked, but instead may be addressed only on direct appeal"). In the present case, El Gazzer does not assert that the trial court was without subject matter jurisdiction to render the judgment allowing Lundy to declare the children as dependents, but instead argues only that the trial court did not consider the necessary statutory factors in issuing the judgment. Since the judgment is not void, arguments as to the merits of the judgment cannot be raised in the present appeal.

{¶37} The second assignment of error is without merit.

{¶38} In her fifth assignment of error, El Gazzer asserts a similar argument, that the trial court should have followed the provisions of R.C. 3119.82, and made best interest findings when it issued its April 21, 2010 Order requiring El Gazzer to submit amended tax returns.

{¶39} As discussed above, R.C. 3119.82 requires a court to consider the children's best interest when allowing a non-residential parent to claim them as dependents. El Gazzer argues that since the court modified, revised, or reconsidered "the order issued pursuant to motion filed by Plaintiff/Appellant on November 12, 2002, it was required to conduct a hearing to consider the necessary statutory factors."

{¶40} The November 12, 2002 Motion to which El Gazzer refers is a Motion for Modification of Child Support. The subsequent Order issued pursuant to that motion is the December 17, 2002 Order, which stated that Lundy was to claim the children for tax purposes and also increased his support obligation to $816.00 per month. El Gazzer

10

fails to explain how the April 21, 2010 Order constitutes reconsideration or revisal of a prior award of child support, specifically, the December 17, 2002 Order. The court did not review the child support matter in its April 21, 2010 Order or even consider the merits of the December 17, 2002 Order. It simply held that El Gazzer was required to comply with the Order or be found in contempt.

{¶41} El Gazzer points to no valid reason why the court, in enforcing its own Order, was required to make a best interest evaluation. This is merely an attempt to avoid the conclusion reached by this court in the previous assignment of error: whether the trial court properly considered the necessary factors under R.C. 3119.82 when issuing its Order in 2002 cannot be raised in a proceeding from a contempt finding ten years after the original Order was issued.

{¶42} The fifth assignment of error is without merit.

{¶43} Under her third assignment of error, El Gazzer contends that various orders from 2004, 2005, and 2006 failed to include findings regarding the allocation of the income tax dependency issue in favor of Lundy. Since these various judgments did not follow the mandates of R.C. 3119.82, she argues that they "vitiated any and all effects of the 2002 order and created a legal void regarding which party was entitled to claim the minor children as dependents."

{¶44} This appears to simply reframe the previous related assignments of error. El Gazzer does not explain how the failure to address the issue of tax dependency in the foregoing Orders affects the validity of the December 2002 Order. The court never ruled that the Order was no longer in effect or altered its determination that Lundy was to claim the children for the purposes of the tax filings.

**{¶45}** As was discussed extensively above, if El Gazzer believed that various trial court orders were improper for failing to address the tax return issue, she could have appealed from these judgments and raised such an error. A contempt proceeding is not the appropriate venue for this argument.

**{¶46}** El Gazzer cites various cases in support of the contention that there is a presumption in favor of a residential parent to claim children as dependents for the purposes of tax returns, unless the trial court makes a best interest finding, as outlined previously. *See Pahls v. Pahls*, 12th Dist. Butler No. CA2009-01-005, 2009-Ohio-6923; *Singer v. Dickinson*, 63 Ohio St.3d 408, 588 N.E.2d 806 (1992). These cases do not apply in the present matter, since they address appeals on the merits of the claim, not an appeal from a subsequent contempt order. We reiterate that El Gazzer fails as to these claims because this issue is not properly before this court in a contempt case.

**{¶47}** The third assignment of error is without merit.

**{¶48}** In her fourth assignment of error, El Gazzer argues that the trial court erred by failing to take evidence as to the reasonableness of the attorney fees that she was ordered to pay, and the amount ordered was arbitrary.

**{¶49}** A court's decision on a request for attorney fees will not be reversed absent an abuse of discretion. *Welty v. Welty*, 11th Dist. Ashtabula Nos. 2007-A-0013 and 2007-A-0015, 2007-Ohio-5217, ¶ 37; *Holeski v. Holeski*, 11th Dist. Portage No. 2009-P-0007, 2009-Ohio-6036, ¶ 19 ("[a] trial court has broad discretion in the award of attorney fees") (citations omitted).

**{¶50}** As an initial matter, El Gazzer did not object to the magistrate's determination that she must pay attorney fees. She did file Objections to the

12

Magistrate's Decision of September 20, 2011, but she objected only to the contempt finding, not the payment of fees. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). This court has evaluated the failure to object to an award of attorney fees under a plain error standard. *Hanzlik v. Hanzlik*, 11th Dist. Portage No. 2009-P-0089, 2010-Ohio-3462, ¶ 58.

{¶51} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶52} There is no transcript of the proceedings before the court as they relate to the request for attorney fees. However, El Gazzer did file a Proposed Statement of Proceedings in the trial court, discussing the proceedings that occurred on September 20, 2011, during the Compliance Hearing, which was delivered to Lundy. The trial court subsequently approved the Proposed Statement. The statement provided that, although there was a request for attorney fees at the hearing, no evidence was presented to establish the amount of hours worked by Lundy's attorney or the specific fees that were incurred.

{¶53} Pursuant to Ohio Appellate Rule 9(C), if no recording of the proceedings is made, as was asserted by El Gazzer, "the appellant may prepare a statement of the

13

evidence or proceedings from the best available means, including the appellant's recollection," and serve that statement on the appellee. The trial court can act to approve this statement, which occurred in the present case. Since the terms of this rule were met, this court will consider the statement as a record of the events that occurred at the hearing.

{¶54} As explained in the statement, there was limited evidence presented to support Lundy's request for attorney fees in the amount of $500. The only statement related to the attorney fees, besides the general request at the hearing, was a statement in the Motion to Show Cause that Lundy requested $500 in out of pocket expenses for attorney fees. There is also no affidavit in the record demonstrating the hours worked or the rate billed by counsel.

{¶55} While we recognize that a trial court must determine whether an award of attorney fees is reasonable, the court "may evaluate the work performed by an attorney in a domestic-relations action * * * [a]nd * * * may use its own knowledge and experience to determine the reasonableness [of] the amount claimed." *Welty*, 2007-Ohio-5217, at ¶ 42 (applying this law in domestic relations contempt proceedings), citing *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 44 (10th Dist.). "[W]here the amount of the attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion." *Woloch v. Foster*, 98 Ohio App.3d 806, 813, 649 N.E.2d 918 (2nd Dist.1994).

{¶56} When evaluating this issue under the plain error standard, we cannot find that reversal is warranted. The trial court had a prior history with the parties and their

counsel, which lasted several years. This court has held whether the trial court "is well versed with the parties' history and their counsel" is a consideration in determining whether a fee award was reasonable. *Welty* at ¶ 42. The trial court was able to use this history, as well as its knowledge and experience, to determine a reasonable fee. The record clearly shows that several court orders were issued in this matter, which counsel had to evaluate, and that counsel attended proceedings related to both the contempt and the subsequent purge order. The work that was completed by counsel was evident from the record. *See Ansevin v. Ansevin*, 7th Dist. Mahoning No. 09-MA-24, 2010-Ohio-1301, ¶ 90 ("[t]he trial court is able to evaluate, in a large measure, the work performed by an attorney in a domestic relations case by merely looking at the record before the court") (citation omitted).

{¶57} El Gazzer's conduct in repeatedly failing to comply with the order to amend her tax returns is also a consideration related to the reasonableness of the attorney fees. *See Welty* at ¶ 40 ("[a]n award of attorney's fees may be predicated upon one party intentionally causing the other party to incur unnecessary, substantial fees") (citations omitted). El Gazzer refused to amend her tax returns and gave no valid legal reason for her failure to do so.

{¶58} Finally, several districts have noted that an award of a small or nominal amount of attorney fees does not require a showing of reasonableness. *Woloch*, 98 Ohio App. 3d at 813, 649 N.E.2d 918; *Beadle v. Beadle*, 4th Dist. Scioto No. 03CA2911, 2004-Ohio-1400, ¶ 19 (finding a fee award in the amount of $500 to be nominal). In this case, the amount awarded was relatively small, only $500, and does not warrant the

15

extensive findings and evidence that would be necessary in a case involving a larger amount of fees and more complicated and lengthy proceedings.

**{¶59}** Based on the foregoing, and when evaluating this matter under a plain error standard, we cannot find that the trial court erred in granting the request for attorney fees in the amount of $500 or that the award was not reasonable.

**{¶60}** The fourth assignment of error is without merit.

**{¶61}** For the foregoing reason, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, finding El Gazzer in contempt, ordering her to serve 30 days in the Trumbull County Jail, and awarding attorney fees to Lundy, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.