[Cite as *Paris Twp. Bd. of Trustees v. Battles*, 2014-Ohio-4132.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BOARD OF PARIS TOWNSHIP TRUSTEES, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-P-0079** |
| | : | |
| - vs - | : | |
| | : | |
| DENNIS R. BATTLES, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 1996 CV 914.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, *Pamela J. Holder*, Assistant Prosecutor, and *Christopher J. Meduri,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Dennis R. Battles,* pro se, 10077 Holcomb Road, Newton Falls, OH 44444 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Dennis Battles, appeals the August 20, 2013 Order and Journal Entry of the Portage County Court of Common Pleas, adopting the Magistrate Decision of March 6, 2013. The issues before this court are whether a trial court may issue a discovery order granting a township zoning inspector access to a party's land to determine the party's compliance with a court order and whether the

appeal of a judgment, finding a party in contempt, may consider the merits of the judgment underlying the contempt finding. For the following reasons, we affirm the decision of the court below.

{¶2} On October 22, 1996, plaintiff-appellee, the Board of Paris Township Trustees, filed a Complaint against Dennis and Lynne Battles in the Portage County Court of Common Pleas, seeking "[a] preliminary and permanent mandatory injunction ordering the defendants to remove or conceal, where applicable, the motor vehicles located, stored, and kept on the real estate [located at 10077 Holcomb Road] in violation of the Resolution [governing the storage of junk motor and collector's vehicles within the Township]; and ordering the defendants to enjoin [sic] from further locating, storing, and keeping such vehicles on the real estate."

{¶3} On November 27, 2001, the trial court issued an Order and Journal Entry, granting the Board of Paris Township Trustees a permanent mandatory injunction, enjoining the Battles "from allowing or permitting any junk motor vehicle to remain on their property or any unlicensed collector's vehicle from remaining on their property and stored in the open, unless such collector's vehicles are either exhibiting current license registration or concealed by means of a building, fence, vegetation, terrain, or other suitable screening approved by the Paris Township Zoning Inspector or Trustees."

{¶4} On August 20, 2010, the Board of Paris Township Trustees filed a Motion to Show Cause, seeking an order requiring Dennis Battles to show cause why he should not be held in contempt of the trial court's November 27, 2001 Order: "the Defendant has again located junk motor vehicles and/or unlicensed collector's vehicles,

2

or collector's vehicles that fall within the designation of a junk motor vehicle, in plain view on the subject real property."

{¶5} On June 2, 2011, and July 14, 2011, hearings were held before a magistrate on the Board of Trustees' Motion to Show Cause.

{¶6} On November 18, 2011, a Magistrate's Decision was issued. The magistrate made the following relevant findings:

The history between the parties goes back to an order by Judge Martin in Case Number: 1992 CV 0913, which found the Defendants were not operating a junk yard * * * [and that] thirteen vehicles[,] one bus, one rare car chassis and other [miscellaneous] parts * * * were "collector's vehicles" * * * [and] exempt from the zoning ordinance.

* * *

10077 Holcomb Road is approximately 1.1 acres. The Defendant has a residence and outbuildings on the realty.

There are 31 vehicles in the open area of the property with partial vehicle chassis and spare parts throughout the property.

* * *

The Magistrate defines a collector's vehicle as any vehicle that can be registered and receive historical plates or collector's plates under the laws of the State of Ohio or defined a vehicle that is defined [sic] as a "collector's vehicle" by a major trade association or group. A collector's vehicle for the purpose of this Court's Order must not only be registered and have historical or collector plates, but also must be "street worthy",

3

that is the vehicle must be capable of being lawfully driven on the streets of the State of Ohio.

The magistrate finds that all 13 vehicles * * * referred to in the Court's Order (Judge Martin's) of July 8, 1993, are deemed to be collector's vehicles inclusive of the race [car] chassis. The Magistrate further finds the 1929 Dorant, 1957 Chevrolet, 1968 Corvette body, and the 1985 Corvette, shall be deemed collector's vehicles. All other vehicles on the property must follow the definition of collector's vehicle as defined in the paragraph above.

{¶7} Both parties filed objections to the Magistrate's Decision.

{¶8} On April 11, 2012, the trial court issued an Order and Journal Entry, overruling the objections to the Magistrate's Decision. The court ordered as follows:

Defendant, Dennis Battles, may keep no more than 15 collector's vehicles (no parts) in open areas behind his residence. That the collector's vehicles must be in lines or columns with the area clear of vegetation and mowed (minimum [sic] grass height four inches), so the zoning inspector may periodically review the vehicles to determine whether they have been assessed to be collector's vehicles. The zoning inspector shall keep a record of all vehicles which the parties agree are collector's vehicles and provide a copy of the same to the Defendant. * * * [T]hat the Defendant * * * has 45 days to comply with this Order, from the date of filing of the Order (regardless of the weather). * * * [T]hat the Defendant * * * may not have any automobile parts or auto bodies, other than 15 collector's

4

vehicles ordered above, on the property unless housed in an enclosed structure.  * * *  A compliance hearing shall be scheduled within 90 days to determine whether the Defendant, Dennis Battles, is in compliance with this Court's Order.

{¶9}  On May 14, 2012, Battles filed a Notice of Appeal from the April 11, 2012 Order.

{¶10}  On July 16, 2012, this court dismissed the appeal as untimely.  *Bd. of Paris Twp. Trustees v. Battles*, 11th Dist. Portage No. 2012-P-0048, 2012-Ohio-3192.

{¶11}  On December 3, 2012, a compliance hearing was held.

{¶12}  On March 6, 2013 a Magistrate's Decision was issued.  The magistrate adopted a list of vehicles "that are collector's or historical vehicles that are 'street worthy'" and ordered Battles to comply with the court's April 11, 2012 Order within 45 days.

{¶13}  Both parties filed objections to the Magistrate's Decision.

{¶14}  On August 20, 2013, the trial court issued an Order and Journal Entry, overruling the parties' objections to the Magistrate's Decision.  The court reaffirmed that Battles had 45 days within which to comply with the April 11, 2012 Order.  The court ordered that "the Defendant shall be fined $100.00 per day for non-compliance with the Court's prior Order starting from the date of April 21, 2013, however, Defendant may purge himself of the contempt and fine by coming in compliance with the April 11, 2012 Order within 45 days of the filing of this Order."

{¶15}  On September 18, 2013, Battles filed a Notice of Appeal.  On appeal, Battles raises six assignments of error.

5

**{¶16}** "[1.] The Trial Court committed prejudicial error by allowing Plaintiff's request to enter Appellant's land for inspection under Rule 34."

Subject to the scope of discovery provisions of Civ.R. 26(B) [providing for the discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action"], any party may serve on any other party a request to produce and permit the party making the request, * * * to enter upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on the property.

Civ.R. 34(A).

**{¶17}** "Trial court decisions on discovery matters like this are generally reviewed under an abuse-of-discretion standard." *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 19.

**{¶18}** In the present case, the Board of Paris Township Trustees motioned the trial court on two occasions (September 10, 2010, and April 1, 2011) pursuant to Civil Rule 34(A), and on a third occasion (November 7, 2012) without reference, to enter onto Battles' property for the purposes of "inspecting and photographing motor vehicles and junk motor vehicle[s] and other junk and debris in an effort to determine whether the real property is in compliance with the previous order of [the] Court." On a fourth occasion (January 7, 2013), the Board requested permission to enter Battles' property "to determine whether the * * * motor vehicles contended to be collector's/historical vehicles

6

are in fact registered, and have valid plates, and are street worthy and capable of being driven on the streets in Ohio."

**{¶19}** Battles argues the trial court erred by granting these requests and that the scope of permissible discovery should have been limited to interrogatories and "vehicles in plain view."

**{¶20}** We find no abuse of discretion. The subject matter of the Board of Trustees' Motion to Show Cause was Battles' compliance with the trial court's November 27, 2001 Order. The best evidence of Battles' compliance, or lack thereof, was obtained by granting the zoning inspector access to the property.

**{¶21}** The first assignment of error is without merit.

**{¶22}** "[2.] The Trial Court committed prejudicial error by restricting the Appellant's method of storing and keeping licensed and operable collector's vehicles on his property."

**{¶23}** Battles contends that the trial court, by restricting the methods of storing and keeping licensed and operable vehicles on his property, violated R.C. 4513.65(A), which provides that "[n]o political subdivision shall prevent a person from storing or keeping, or restrict a person in the method of storing or keeping, any collector's vehicle on private property * * * except that a political subdivision may require a person * * * to conceal, by means of buildings, fences, vegetation, terrain, or other suitable obstruction, any unlicensed collector's vehicle stored in the open."

**{¶24}** This court is without jurisdiction to consider Battles' argument. The Order and Journal Entry restricting his ability to store and keep licensed and operable vehicles on his property was issued on April 11, 2012. This decision was not timely appealed

7

and has become final. The Order that is the subject of the present appeal concerns Battles' compliance with the April 11, 2012 Order. Battles may not challenge the substance of the April 11, 2012 Order by appealing the subsequent compliance Order. *Compare Lundy v. Lundy*, 11th Dist. Trumbull No. 2012-T-0100, 2013-Ohio-3571, ¶ 34 ("when considering an appeal from a trial court's finding of contempt, the appellant cannot raise as a defense challenges to the merits of the underlying order from which the appellant did not directly appeal").

**{¶25}** The second assignment of error is without merit.

**{¶26}** "[3.] The Trial Court committed prejudicial error by ordering that Appellant may keep no more than fifteen collector's vehicles behind his residence."

**{¶27}** "[4.] The Trial Court committed prejudicial error by requiring grass be kept at a minimum [sic] of four inches in height to facilitate allowing the Zoning Inspector access to Appellant's private property anytime."

**{¶28}** As with his second assignment of error, Battles is challenging the substance of the April 11, 2012 Order and Journal Entry. For the reasons stated above, this Order has become final and may not be challenged in the present appeal.

**{¶29}** The third and fourth assignments of error are without merit.

**{¶30}** "[5.] The people inspecting the Appellant's collector's vehicles were prejudicial and biased and even though the collector's vehicles were able to run and move, they still found things so they could claim it was a junk vehicle."

**{¶31}** In this assignment of error, Battles argues the trial court erred by "ruling on the word of the Prosecutor" at the July 14, 2011 hearing, despite the presentation of "Expert Witnesses to testify in favor of Appellant."

**{¶32}** On July 14, 2011, a hearing was held before a magistrate on the Board of Paris Township Trustees' Motion to Show Cause as to whether Battles was in compliance with the November 27, 2001 Order and Journal Entry. Following the hearing, the magistrate made a determination that certain vehicles on Battles' property were collector's vehicles. Both parties filed objections to the Magistrate's Decision. As noted by the trial court in its April 11, 2012 Order and Journal Entry adopting the Magistrate's Decision, neither party filed a transcript of the proceedings in support of their objections.

**{¶33}** Battles' argument fails for two reasons.

**{¶34}** First, appellate review of the magistrate's factual findings following the July 14, 2011 hearing is precluded by the failure to file a transcript in support of objections with the trial court. "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995); *Zupan v. Zupan*, 5th Dist. Ashland No. 13-COA-006, 2013-Ohio-2629, ¶ 10 ("[w]hen the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal").

**{¶35}** Second, the substance of the April 11, 2012 Order and Journal Entry may not be challenged in the present appeal for the reasons stated above.

9

{¶36} The fifth assignment of error is without merit.

{¶37} "[6.] Failure to recognize a June 2[4], 2005 Court ruling (Defendant[']s Exhibit C) that Appellant was in substantial compliance with Court Order of November 27, 2001."

{¶38} Battles argues that the case should have been dismissed by virtue of a June 24, 2005 filing by the Board of Paris Township Trustees, withdrawing its May 31, 2005 Motion to Show Cause for the reason "that the Defendant and the subject property are now in substantial compliance with this Court's Order of November 27, 2001."

{¶39} The present appeal ultimately derives from the Board of Trustees' August 26, 2010 Motion to Show Cause. Battles' compliance with the November 27, 2001 Order in 2005 neither absolved him of the obligation to remain in compliance thereafter nor prevented the Board of Trustees from seeking a judicial determination as to his compliance in 2010.

{¶40} The sixth assignment of error is without merit.

{¶41} For the foregoing reasons, the August 20, 2013 Order of the Portage County Court of Common Pleas, finding Battles in contempt of its April 11, 2012 Order, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.