OPINION
{¶ 1} On June 23, 2004, appellant, Mark Lesnoski, filed a notice of appeal from a May 27, 2004 judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division. As part of its May 27, 2004 judgment, the trial court conducted a review of the magistrate's decision and findings of fact and conclusions of law. The court found that: "* * * the [magistrate's decision] complies with the requirements of the Rules and the Ohio Revised Code for the [c]ourt to review the same, and that there are no errors on the face of the decision. The decision is therefore approved as the orders of the [c]ourt." The court then adopted the magistrate's decision that "Mark E. Lesnoski is granted a judgment in the amount of $7,339.00 plus 10% commencing 5/25/04. All other motions pending before this court are dismissed without prejudice."
 {¶ 2} Appellant filed a timely notice of appeal and asserts the following assignments of error for our review:
 {¶ 3} "[1.] The trial court abused its discretion by neglecting to rule on the contempt motion before it, instead modifying the original decree.
 {¶ 4} "[2.] The trial court abused its discretion by arbitrarily enforcing one portion of the divorce decree while neglecting the applicable provisions of the separation agreement.
 {¶ 5} "[3.] The trial court abused its discretion because its attitude when adopting the magistrate's decision on the motion for contempt was arbitrary and unreasonable.
 {¶ 6} "[4.] The trial court abused its discretion by adopting an unconscionable degree."
 {¶ 7} In his first assignment of error, Appellant's appeal from the judgment entry contends that the trial court erred by failing to make specific findings on his motion for contempt. Upon review of the judgment entry, we agree.
 {¶ 8} It is well established that a final appealable order is a prerequisite before an appellate court can consider an appeal. R.C.2505.03(A). In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 Ohio App. LEXIS 6119, at 1, this court stated: "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc. (1979),64 Ohio App.2d 62; Cooper v. Cooper (1984), 14 Ohio App.3d 327; Stateex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198."
 {¶ 9} In the present case, the judgment entry was entered pursuant to the motion for contempt filed by appellant on June 18, 2002. However, neither the trial court nor the magistrate made a specific finding of contempt. Thus, the first prerequisite in our view has not occurred. Namely, a finding by the trial court that appellee was found guilty of contempt for her failure to pay monies due and owing to appellant per the terms of the divorce decree.
 {¶ 10} We further note that no sanction or penalty was imposed against appellee, such as a jail sentence or fine.[1] Accordingly, we cannot determine if the court meant to hold appellee in contempt, but without said findings, it cannot impose sanctions such as interest or fines. The appeal is hereby, sua sponte, reversed for a finding as to appellant's contempt motion due to lack of a final appealable order.
 {¶ 11} As a brief aside, this court notes that appellant did not object to the magistrate's decision or file a statement in lieu of transcript pursuant to App.R. 9(C) or (D), as set forth in the notice of appeal in this matter.
 {¶ 12} For the reasons stated, the judgment of the trial court is reversed, and the matter is remanded for a finding by the trial court as to appellant's contempt motion.
O'Neill, J., Rice, J., concur.
[1] In cases of civil contempt, the sanction must afford the contemnor an opportunity to purge the contempt. Stroud v. Stroud (Oct. 31, 1997), 11th Dist. No. 97-L-005, 1997 Ohio App. LEXIS 4849, at 7-8, citing Tuckerv. Tucker (1983), 10 Ohio App.3d 251, paragraph one of syllabus; Roynakv. Roynak (Aug. 30, 1991), 11th Dist. No. 90-T-4425, 1991 Ohio App. LEXIS 4126, at 5.