OPINION
{¶ 1} On October 3, 2005, appellant, James M. Lucas, filed a notice of appeal from two September 12, 2005 judgment entries of the Lake County Court of Common Pleas, Domestic Relations Division. In one of the judgment entries, the court overruled appellant's objection to the magistrate's decision. In the other judgment entry, among other pending matters, the trial court adopted the magistrate's decision finding appellant to be in contempt of court for not obeying the shared parenting plan which provided that appellant pay one-half of daycare expenses.
 {¶ 2} The relevant facts are as follows. Appellant and his ex-wife, Kathleen Ann Lucas were divorced in August 2004. There were two minor children born as issue of the marriage. An agreed upon shared parenting plan was incorporated in the divorce decree. On September 15, 2004, appellee filed a motion to show cause to have appellant held in contempt for failing to pay his share of daycare expenses, as provided for in the shared parenting plan.[1]
 {¶ 3} This matter was heard by a magistrate, along with other pending motions, on May 11, 2005. The magistrate issued a decision on July 11, 2005, in pertinent part, finding appellant in contempt. Appellant filed an objection to the decision of the magistrate's finding of contempt. Appellant asserted that the shared parenting plan was unenforceable because daycare expenses should have been included in the child support worksheet. Thus, appellant argued that the allocation of daycare expenses violated the statutory procedure for deviation of child support.
 {¶ 4} On September 12, 2005, the trial court overruled appellant's objections, and adopted the magistrate's decision. The court sentenced appellant to thirty days in the Lake County Jail. However, appellant was offered an opportunity to purge his contempt by providing appellee, his share of daycare expense arrearage, in the sum of $3,754.50, "payable in fifteen (15) monthly installments of $250.30 per month, commencing August 15, 2005 * * *." On the same date, the court memorialized its findings of contempt in a second judgment entry, which included additional matters pending before the court. It is from these judgments that appellant filed a timely appeal asserting a sole assignment of error:
 {¶ 5} "The lower court erred in enforcing the payment of daycare expenses against appellant which deviated from the child support worksheet without complying with [O.R.C.] 3119.22."
 {¶ 6} In his sole assignment of error, appellant contends that the trial court erred in finding him in contempt.
 {¶ 7} Initially, we must address the threshold issue of jurisdiction.[2] In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 Ohio App. LEXIS 6119, this court stated: "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order.Chain Bike v. Spoke 'N Wheel, Inc. (1979), 64 Ohio App.2d 62, * * *; Cooper v. Cooper (1984), 14 Ohio App.3d 327, * * *; State ex rel. Doe v. Tracy (1988),51 Ohio App.3d 198, * * *." Id. at 1. See, also, Cooke v. Cooke, 11th Dist. No. 2005-G-2631, 2005-Ohio-2262, at ¶¶ 3-4;Lesnoski v. Lesnoski, 11th Dist. No. 2004-T-0077,2005-Ohio-6078, at ¶ 8; Davis v. Davis, 11th Dist. No 2004-G-2572, 2004-Ohio-4390, at ¶ 6.
 {¶ 8} In the present case, the trial court found appellant to be in contempt but he was also given the opportunity to purge himself of this contempt by complying with the shared parenting plan. Thus the court reaffirmed its earlier decree and did not impose a penalty.[3] In its judgment entry the court stated in pertinent part "Mother shall notify this court by motion if the contempt is not purged so that an imposition hearing may be set." Thus, the second element of contempt has not yet occurred; namely a finding by the trial court that the contemnor has failed to purge himself and the imposition of a penalty or sanction. Until that second order is made by the trial court, the contempt issue is not ripe for review.
 {¶ 9} We further note parenthetically, that appellant's challenge to the allocation of daycare expenses in the shared parenting plan as unenforceable was not properly raised in defense of the contempt motion. An order issued by a court of competent jurisdiction over the subject matter and the parties must be obeyed by the parties until it is reversed by orderly and proper proceedings, if the trial court has committed error in rendering same. 17 Ohio Jurisprudence 3d (2001) 270, Contempt, Section 17; Slone v. Slone, 4th Dist. No. 96CA586, 1998 Ohio App Lexis 1424, at 6; Bruce v. Bruce, 3rd Dist. No. 8-82-3, 1982 Ohio App. LEXIS 15263, at 4. Appellant did not file an appeal from the decree incorporating the shared parenting plan. However, a motion to terminate the shared parenting plan was filed by appellant subsequent to the court's order finding appellant in contempt, and is presently pending in the trial court.
Based upon the forgoing, we are without jurisdiction to consider the court's finding of contempt due to lack of a final appealable order. Once appellant no longer has the opportunity to purge the contempt, and the trial court has issued an order requiring appellant to serve his sentence, he can bring a separate appeal from the judgment entries.
 {¶ 10} This appeal is sua sponte dismissed for lack of a final appealable order.
O'Neill, J., Grendell, J., concurs.
[1] In addition to a motion seeking contempt for failure to pay daycare expenses, the parties also filed other motions, which are not the subject of this appeal.
[2] This issue was not raised earlier because until the briefs were submitted, it was unclear to this court which parts of the judgment entries would provide the basis for this appeal.
[3] We also note that the court denied appellee's request for attorney fees related to the contempt motion.