OPINION
{¶ 1} James M. Lucas appeals from judgment entries of the Lake County Court of Common Pleas, Domestic Relations Division, overruling his objection to the magistrate's decision, finding him in contempt for failure to pay day care expenses, and imposing contempt sanctions. We affirm. *Page 2 
 {¶ 2} Mr. Lucas married Kathleen Lucas July 25, 1996. Two minor children, Randal and Adam, are issue of the marriage. Mr. Lucas filed for divorce November 16, 2003. The trial court filed its judgment entry of divorce August 23, 2004. Incorporated in the divorce decree was a shared parenting plan signed by each of the parties September 23, 2003. This shared parenting plan included a handwritten notation at the end of section two, governing child support. The notation reads, "[c]ommencing Sept. 30, 2003, until further order of the court, husband shall pay day care expenses every other week directly to the provider." Attached to the shared parenting plan is a child support calculation sheet, which provides, at line nineteen, for day care expenses. The figure "0.00" is entered for both Mr. and Ms. Lucas on this line. Finally, at page seven of the divorce decree, the trial court ordered that "* * * all temporary orders are hereby terminated."
 {¶ 3} September 15, 2004, Ms. Lucas filed a show cause motion against her former husband, requesting he be held in contempt for failure to pay one-half of his children's day care expenses. Lucas v. Lucas, 11th Dist. No. 2005-L-164, 2006-Ohio-4043, at ¶ 2 ("Lucas I"). March 8, 2005, Mr. Lucas filed a motion to modify child support, relating solely to his splitting of day care expenses with his former wife. The matter was heard by the magistrate May 11, 2005; and, July 11, 2005, she issued her decision finding Mr. Lucas in contempt. Id. at ¶ 3. Mr. Lucas filed an objection with the trial court, solely directed to the finding of contempt. Id. September 12, 2005, that court overruled his objection; adopted the magistrate's decision; and, sentenced him to serve thirty days in the Lake County Jail for his contempt. Id. at ¶ 4. Purge conditions were provided. *Page 3 
 {¶ 4} Mr. Lucas appealed the finding of contempt. August 4, 2006, we announced our decision in Lucas I, dismissing the appeal for lack of a final, appealable order, since Mr. Lucas had not had an opportunity to meet the trial court's purge conditions, and that court had not yet imposed its sanctions. Lucas I at ¶ 7-8.
 {¶ 5} December 4, 2006, Ms. Lucas moved the trial court to impose on her ex-husband the jail term for his contempt. She renewed her motion several weeks later. March 22, 2007, the trial court imposed on Mr. Lucas the thirty-day jail term contained in its prior finding of contempt, staying service of the term pending this timely appeal.
 {¶ 6} Mr. Lucas assigns one error:
 {¶ 7} "[t]he trial court erred in enforcing the payment of day care expenses against appellant which deviated from the child support worksheet without complying with Ohio Revised Code § 3119.22."
 {¶ 8} Mr. Lucas makes two arguments in support of this assignment. First, he notes that any deviation from the child support obligations (including day care expenses) derived from the statutory child support worksheet must comply with the requirements of R.C. 3119.22. He argues that the handwritten notation in his shared parenting plan with Ms. Lucas, requiring him to split day care expenses with her, cannot override the provisions of the child support worksheet attached to his divorce decree, which sets his share of day care expenses at "0.00."
 {¶ 9} Second, he argues the notation in the shared parenting plan, splitting day care expenses, constituted a temporary order of the trial court, terminating upon issuance of the decree of divorce. *Page 4 
 {¶ 10} A trial court's contempt orders are reviewed for abuse of discretion, Lyons v. Bowers, 11th Dist. No. 2006-L-119, 2007-Ohio-1548, at ¶ 17; as are its decisions to adopt, reject, or modify a magistrate's decision. Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10. Questions of contract construction are reviewed de novo.Gabriel Performance Products, LLC v. Cognis Corp., 11th Dist. No. 2006-A-0071, 2007-Ohio-2307, at ¶ 27.
 {¶ 11} Mr. Lucas is correct in his assertion that the requirements of R.C. 3119.22, governing deviations from the statutory child support schedule and applicable worksheet are mandatory. Graham v. Graham, 11th Dist. No. 2002-G-2410, 2003-Ohio-1098, at ¶ 7. In this case, none of the legal or factual findings, or figures and calculations, required to support a deviation from the child support schedule and worksheet were made and entered on the worksheet by the trial court.
 {¶ 12} However, as we noted in Lucas I, a challenge to the allocation of day care expenses via the shared parenting plan is not a proper defense to the trial court's finding of contempt. Id. at ¶ 9. "An order issued by a court of competent jurisdiction over the subject matter and the parties must be obeyed by the parties until it is reversed by orderly and proper proceedings, if the trial court has committed error in rendering [the] same." Id. In this case, Mr. Lucas did not appeal from the subject error upon entry of the decree of divorce; he did not object to the magistrate's failure to grant his March 8, 2005 motion to modify, insofar as it related to day care expenses. Inviting a finding of contempt, and appealing from it, is no substitute for a proper appeal from a trial court's alleged error. *Page 5 
 {¶ 13} Mr. Lucas' first argument in support of his assignment of error is without merit.
 {¶ 14} Further, as Ms. Lucas argues, a shared parenting plan is a contract if adopted by the court. Graham at ¶ 13. The trial court adopted the Lucases' shared parenting plan, and made it part of their divorce decree.
 {¶ 15} "* * * [I]n interpreting and enforcing provisions of a shared parenting plan, a court must follow the rules of contract construction and interpret the shared parenting plan `so as to carry out the intent of the parties, as that intent is evidenced by the contractual language.' Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244
* * *, paragraph one of the syllabus. If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning. See Forstner v. Forstner (1990),68 Ohio App.3d 367 * * *." Graham at ¶ 13. (Parallel citations omitted.)
 {¶ 16} The shared parenting plan at issue included the provision that Mr. Lucas would, from September 30, 2003, until further order of the trial court, pay his sons' day care expenses every other week. We deem this to be a valid contractual arrangement by the Lucases, fully enforceable by the trial court. We reject Mr. Lucas' second argument, that the provision in the shared parenting plan requiring him to pay half of his sons' day care expenses was a temporary order, terminating at the time the court entered its judgment decree of divorce. The plain, unambiguous meaning of the language used indicates the arrangement was continuing in nature, until and unless modified by the trial court.
 {¶ 17} The assignment of error is without merit. *Page 6 
 {¶ 18} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1