[Cite as *Beneficial Ohio, Inc. v. Ocheltree*, 2012-Ohio-4842.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BENEFICIAL OHIO, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12CA25 |
| BILLY J. OCHELTREE, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Richland County Court of
Common Pleas, Case No. 2009 CV 1555H

JUDGMENT:  AFFIRMED

DATE OF JUDGMENT ENTRY:  October 15, 2012

APPEARANCES:

For Appellants:

DEBORAH MACK
1 Marion Ave., Suite 204
Mansfield, OH 44902

For Appellee:

MATTHEW J. RICHARDSON
P.O. Box 165028
Columbus, OH 43216-5028

*Delaney, P.J.*

{¶1} Defendants-Appellants Billy J. Ocheltree and Kimberly J. Ocheltree appeal the February 22, 2012 judgment entry of the Richland County Court of Common Pleas denying their Motion to Show Cause. Plaintiff-Appellee is Beneficial Ohio, Inc.

## FACTS AND PROCEDURAL HISTORY

{¶2} On November 20, 2003, the Ocheltrees executed a thirty-year term mortgage with Beneficial Ohio, Inc. for their real property located in Bellville, Ohio. The principal amount of the mortgage was $142,039.97, due and payable on November 20, 2033. Beneficial filed a complaint in foreclosure on October 23, 2009, alleging the Ocheltrees defaulted on the terms of the note and mortgage.

{¶3} Pursuant to the local rules of the Richland County Common Pleas Court, the parties participated in status conferences with the trial court in order to reach a loss mitigation workout. At the status conference on March 19, 2010, the parties agreed to a loan modification where Beneficial would offer a six-month forbearance plan with the understanding it would become a permanent loan modification if the Ocheltrees complied the terms. The terms of the modification were as follows: (1) the interest rate was lowered from 7.745% to 5.25%, (2) the monthly payments were reduced to $814.31 per month, (3) monthly payments were due on the 12th day of each month, and (4) the term of the loan would not be extended beyond the original thirty-year term specified in the original note and mortgage. It was understood by the trial court that Beneficial would close the pending case.

{¶4} On September 27, 2010, the trial court issued an Order of Potential Dismissal due to Beneficial's failure to prosecute its case. Beneficial did not respond.

The trial court issued a judgment entry on October 10, 2010 dismissing the complaint in foreclosure pursuant to Civ.R. 41(B)(1). The order of dismissal included language ordering that the terms agreed to at the March 19, 2010 status conference were adopted as a permanent loan modification.

{¶5} On May 27, 2011, the Ocheltrees filed a Motion to Show Cause as to why Beneficial should not be held in contempt for its failure to comply with the October 10, 2010 Order of Dismissal, which outlined the terms of the loan modification. The Ocheltrees argued that Beneficial did not comply with the provision that the term of the loan would not exceed thirty years as established in the original note and mortgage. During the Ocheltrees' bankruptcy proceedings, Beneficial presented a reaffirmation agreement stating the principal balance of the note and mortgage, after the loan modification, was $148,524.80. The Ocheltrees argued that because the term of the loan remained at thirty years after loan modification, the principal balance of the loan should be $126,823 because of the reduction of interest and the reduction in the amount of the monthly payment.

{¶6} The trial court conducted a non-oral hearing on the motion to show cause. On February 22, 2012, the trial court found Beneficial was not in contempt with the terms of the October 10, 2010 Order of Dismissal.

{¶7} It is from this decision the Ocheltrees now appeal.

## ASSIGNMENT OF ERROR

{¶8}   The Ocheltrees raise one Assignment of Error:

{¶9}   "THE TRIAL COURT ERRED IN RULING THAT APPELLEE WAS NOT IN CONTEMPT OF COURT."

## ANALYSIS

{¶10} The Ocheltrees argue the trial court erred in finding Beneficial was not in contempt of the October 10, 2010 Order of Dismissal.  We disagree.

{¶11} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion.  *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} A contempt finding may be civil or criminal in nature.  In *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253–254, 416 N.E.2d 610 (1980), the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:

> While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt.  Prison sentences are conditional.  The contemnor is said to carry the keys of his prison in his own pocket * * *

since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * * (Citations omitted.)

*Graber v. Siglock*, Stark App. No.2000CA00176, 2002–Ohio–6177.

{¶13} The Ocheltrees argue the trial court should have found Beneficial in contempt of the October 10, 2010 Order of Dismissal because Beneficial did not comply with all of the terms of the loan modification memorialized in the Order. The October 10, 2010 Order of Dismissal contains the terms of the loan modification agreed to by the Ocheltrees and Beneficial on March 19, 2010. Beneficial agreed to reduce the interest rate of the loan to 5.25% with payments of $814.31 per month. The Order also stated the term of the loan should not be extended beyond the thirty-year term specified in the original note and mortgage. The Ocheltrees contend Beneficial failed to comply with the provision that the term of the loan should not exceed thirty years as stated in the original note and mortgage.

{¶14} The summary of the Ocheltrees' argument is that by (1) maintaining the maturity date of the loan at November 30, 2033 and (2) reducing the interest rate and the monthly payment amount on the loan, the trial court implicitly reduced the principal balance of the loan so that it would fully amortize by November 20, 2033.

{¶15} The trial court disagreed. The October 10, 2010 Order of Dismissal was a memorialization of the March 19, 2010 status conference resulting in the loan modification agreement. The trial court found no evidence that the parties agreed to

forgiveness of the principal balance as a term of the March 19, 2010 loan modification agreement. Nor did the trial court find evidence that Beneficial agreed to waive fees and costs incurred by the Ocheltrees' default under the terms of the note and mortgage. The evidence demonstrated the parties agreed to only a reduction in interest and monthly payments. Beneficial provided evidence that it had complied with the Order as to the reduction in interest, monthly payment amount, and the payment remittance date. The trial court held the parties must look to the original note and mortgage for interpretation of all other terms.

{¶16} We find no abuse of discretion in the trial court's determination that Beneficial complied with the October 10, 2010 Order of Dismissal. The Ocheltrees argue that through the Order, the trial court ordered Beneficial to forgive principal. The trial court's October 10, 2010 Order of Dismissal is a memorialization of the parties' March 19, 2010 loan modification agreement. In that loan modification agreement, there is no statement that loan principal will be forgiven. "Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. * * * Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. * * * When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *JP Morgan Chase Bank, NA v. Corral*, 5th Dist. No. 10 CAE 09 0079, 2011-Ohio-3674, ¶ 80 citing *Shifrin v. Forest Enterprises, Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992).

{¶17} The Ocheltrees' sole Assignment of Error is overruled.

**CONCLUSION**

{¶18} Based on the foregoing, we find no error by the trial court to overrule the Motion to Show Cause filed by the Defendants-Appellants Billy J. and Kimberly J. Ocheltree.

{¶19} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| BENEFICIAL OHIO, INC. | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.   12CA25 |

BILLY J. OCHELTREE, et al.    :
                             :
    Defendants-Appellants    :
                             :

    For the reasons stated in our accompanying Opinion on file, the judgment of the

Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellants.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER