[Cite as *Mohler v. Mohler*, 2021-Ohio-175.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KRISTINA MOHLER | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DEWAIN MOHLER | : | Case No. 20CA0008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 17-DR-075

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 26, 2021

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ROSANNE K. SHRINER                     DAVID M. HUNTER
449 North Market Street                244 West Main Street
Wooster, OH  44691                     Loudonville, OH  44842

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Dewain Mohler, appeals the March 18, 2020 judgment entry of the Court of Common Pleas of Holmes County, Ohio, finding he failed to purge a previous contempt order.  Plaintiff-Appellee is Kristina Mohler.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties herein were granted a divorce in July 2018.  Appellant was ordered to pay appellee child and spousal support.

{¶ 3}  On August 20, 2018, appellee filed a motion to show cause for contempt, alleging appellant failed to pay his support obligations.  Hearings before a magistrate were held on March 21, and April 23, 2019.  By decision filed April 30, 2019, the magistrate found appellant in contempt and ordered him to serve thirty days in jail, suspended on the condition he purged himself of the contempt by meeting five conditions.  One of the conditions was to pay appellee $400 per month.  By judgment entry filed same date, the trial court found no errors or defects with the magistrate's decision and reiterated the contempt finding/sentence and purge conditions.  Appellant did not file an appeal from this judgment entry to challenge the contempt finding or the purge conditions.

{¶ 4}  On September 24, 2019, appellee filed a motion to show cause for contempt, alleging appellant failed to follow the purge conditions of the April 30, 2019 order.  A hearing before a magistrate was held on November 21, 2019.  Appellant argued he substantially complied with the monthly payments when the Child Support Enforcement Agency (hereinafter "CSEA") intercepted his tax refunds of over $4,000 and gave appellee a lump-sum payment.  By decision filed November 26, 2019, the magistrate concluded appellant had not purged himself of the contempt, finding the

lump-sum payment was not the same as a $400 monthly payment, and even after crediting appellant with the payment, he still had an outstanding arrearage of over $4,000. The magistrate ordered appellant to serve the thirty day jail sentence. The trial court adopted this decision via judgment entry filed December 3, 2019.

{¶ 5} Appellant filed objections. By judgment entry filed March 18, 2020, the trial court denied the objections, agreed with the magistrate's factual findings and legal conclusions, and reinstated its December 3, 2019 judgment entry.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN FINDING APPELLANT HAD NOT PURGED HIS CONTEMPT AND IMPOSING HIS 30 DAY JAIL SENTENCE."

I

{¶ 8} In his sole assignment of error, appellant claims the trial court erred in finding he had not purged his contempt and in imposing the thirty day jail sentence. We disagree.

{¶ 9} We review the punishment imposed for contempt under an abuse of discretion standard. *Kolano v. Vega,* 5th Dist. Tuscarawas No. 2015 AP 06 0029, 2016-Ohio-356, ¶ 16, citing *Mosier v. Mosier,* 5th Dist. Richland No. 2008 CA 0103, 2009-Ohio-1195. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} In its April 30, 2019 judgment entry, the trial court found appellant in contempt for failing to pay his support obligations. The trial court ordered him to serve a

thirty day jail sentence, suspended on the condition he purged himself of the contempt by meeting five conditions. One of the conditions was to pay appellee $400 per month:

> The defendant must between now and the date of the purge hearing as indicated below, pay $400 per month toward his child support and spousal support obligations. If the defendant satisfies the purge conditions, he should within a reasonable time become fully employed and thereafter his full child support and spousal support obligation will be reinstated.

{¶ 11} The trial court notified appellant that "[i]f he has not complied with the above purge conditions, the court will impose all or part of the 30 day jail sentence." The judgment entry listed the date of August 1, 2019 for the purge hearing which was subsequently continued to November 21, 2019.

{¶ 12} During the hearing before a magistrate, appellant admitted he had not made a $400 payment to appellee since the trial court's order. T. at 3, 5. He testified CSEA intercepted his tax refunds of over $4,000 for purposes of paying his support obligations. T. at 9.

{¶ 13} Appellee testified she has not received any $400 monthly payments from appellant. T. at 6. She received a lump-sum amount from CSEA after the agency intercepted appellant's tax refunds. T. at 7. Appellant gave her $50 for school fees/supplies, $30 for something else, and $118 related to "tax return stuff." T. at 8.

{¶ 14} In his decision filed November 26, 2019, the magistrate noted the following:

The defendant seems to be relying on his argument that in May, 2019 the Child Support Enforcement Agency intercepted his federal and state tax refunds. This resulted in a credit to his account in the amount of $118, $2765.36 and $1830.64 (total $4714).

The court rejects this argument for two reasons. First of all he was ordered to pay $400 per month. These lump-sum payments are not the same as $400 per month. Secondly, even after his child support and spousal support account was credited in the amount of $4714, he still had an arrearage of $4381.30.

{¶ 15} In his December 20, 2019 objections to the trial court, appellant argued the "payment of $4,596.00, made after the issuance of purge conditions on April 30th 2019, constituted substantial compliance to the purge condition that required monthly payments of $400 per month." Appellant argued taking the "$4,596.00 lump sum payment, averaged over the seven months prior to his purge hearing, results in an implied monthly payment of $656.57; more than satisfying the purge requirement."

{¶ 16} In its judgment entry filed March 18, 2020, the trial court rejected these arguments and denied the objection. The trial court reiterated the magistrate's decision on the issue and stated: "The court agrees with the factual findings and legal conclusions of the magistrate and rejects the defendant's arguments. There are no errors of law or other defects evident on the face of the Magistrate's Decision. Therefore, the Defendant's objections are found not well taken and are hereby dismissed."

{¶ 17} In his appellate brief at 7, appellant now argues the purge condition did not prohibit a lump-sum payment of $2,800 or specify that the monthly payment had to be paid from his weekly paycheck as opposed to some other source. Appellant argues the trial court's imposition of the thirty day jail sentence was unreasonable and unconscionable since appellee received more than what the trial court had ordered.

{¶ 18} The purge condition was clear: appellant was to make $400 monthly payments to appellee. Appellant failed to do so. The lump-sum payment to appellee was not due to anything appellant did, but rather to CSEA intercepting his tax refunds which he had no control over. The lump-sum payment was credited to his outstanding arrearage and had nothing to do with the monthly payment. While appellee received a portion of the outstanding arrearage due her, she was out the $400 monthly amount. Appellant had been warned that he would have to serve all or part of the thirty day jail sentence if he failed to purge his contempt.

{¶ 19} Upon review, we find the trial court did not abuse its discretion in finding appellant failed to purge his contempt and in imposing the thirty day jail sentence.

{¶ 20} The sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db