[Cite as *Gordon v. Gordon*, 2023-Ohio-4780.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| | | | JUDGES: |
| CYNTHIA GORDON | | : | Hon. Patricia A. Delaney, P.J. |
| | | : | Hon. Craig R. Baldwin, J. |
| | Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | | : | |
| -vs- | | : | |
| | | : | Case No. 23 CAF 08 00047 |
| TERRY GORDON | | : | |
| | | : | |
| | Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware County
                              Court of Common Pleas, Domestic
                              Relations Division, Case No. 97-07-1113AD

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 28, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TANYA H. KIDD                             CHRISTOPHER BAZELEY
145 North Union Street, 3rd Floor         9200 Montgomery Rd., Ste. 8A
Delaware, OH 43015                        Cincinnati, OH 45242

*Delaney, P.J.*

{¶1} Appellant Terry Gordon appeals the July 18, 2023 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division. Appellee is the Delaware County Child Support Enforcement Agency ("DCCSEA").

*Facts & Procedural History*

{¶2} Appellant is the father of three children. In July of 2008, appellant was ordered to pay $373.56 per month in child support, plus a 2% administrative processing fee.

{¶3} On March 14, 2023, the DCCSEA filed a motion for contempt and to show cause. The motion requested appellant be found in contempt for the failure to pay child support. The motion also alleged appellant was previously found in contempt in 1999, and last made a child support payment on December 23, 2021.

{¶4} The magistrate issued a summons and order to appear on March 13, 2023. It ordered appellant to appear on June 22, 2023 at 11:00 a.m. for a contempt hearing. The summons/order to appear specifically stated that appellant had a right to counsel and, if appellant was indigent, he had to apply for a public defender or court-ordered counsel within three business days after his receipt of the summons, and prior to the hearing.

{¶5} Deputy Jack Daniels certified that he served appellant with the motion, summons, and order to appear on June 8, 2023. The magistrate held the contempt hearing on June 22, 2023. At the beginning of the hearing, the magistrate noted that appellant was personally served with the motion and summons to appear on June 8, 2023. Further, that appellant failed to appear and failed to have an attorney appear on

his behalf. The CSEA caseworker testified at the hearing as to the child support arrearages.

{¶6} The magistrate issued a decision on July 18, 2023 and found as follows: appellant was personally served with the motion and summons; appellant did not appear for the hearing and no attorney appeared on his behalf; an alleged contemnor in a civil contempt action may be tried in absentia if he or she was provided appropriate notice and an opportunity to be heard; appellant did not comply with the child support orders of the court as he owes more than $10,000 in child support and $2,000 in administrative fees; appellant failed to appear at the hearing or otherwise provide a defense for his failure to comply; appellant is in contempt for failing to comply with child support payments; appellant is sentenced to sixty days in the Delaware County Jail; the sentence is deferred and purged if appellant pays $350.00 per month plus processing fees and, within seven days, contacts DCCSEA and provides them with information about his current employer and/or bank account number for direct withholding of support; for each month that appellant is current in his payments, two days are purged from his jail sentence; an additional two days are purged from his jail sentence upon his completion of the DCCSEA's Steps to Success program; and an additional two days are purged from his jail sentence for his successful completion of each session of the Goodwill Industries' Job Readiness course. The trial court adopted and entered the magistrate's decision on July 18, 2023.

{¶7} Appellant did not timely object to the magistrate's decision. On August 9, 2023, appellant wrote a pro se letter to the trial court stating he was in jail, on unrelated charges, on the date of the contempt hearing, and no one transported him to the hearing.

In the letter, appellant admitted he was served with a copy of the summons and order to appear when he was booked into the jail on June 8, 2023.

{¶8}   Appellant appeals the July 18, 2023 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶9}   "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING TERRY GORDON IN CONTEMPT IN ABSENTIA WHILE HE WAS INCARCERATED IN THE DELAWARE COUNTY JAIL."

I.

{¶10}   In his assignment of error, appellant contends the trial court committed error in finding him in contempt.

{¶11}   We first note that appellant failed to timely object to the magistrate's decision.   Appellant did not file an objection to the magistrate's findings of fact or conclusions of law pursuant to Civil Rule 53.   However, this Court has held that appellant's failure to object to the magistrate's decision does not bar appellate review of plain error. *Lamp v. Lamp*, 5th Dist. Muskingum No. CT2003-0054, 2004-Ohio-6262; *In re Lemon*, 5th Dist. Stark No. 2002 CA 00098, 2002-Ohio-6263; see also *In re L.H.*, 1st Dist. Hamilton No. C-220161, 2022-Ohio-2755 (plain error review of due process issues when failed to object to the magistrate's decision).

{¶12}   The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself."   *Goldfuss v. Davison*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099.

{¶13} We find this is not the exceptionally rare case in which the error rises to the level of challenging the legitimacy of the underlying judicial process itself. Appellant was personally served with the motion and summons several weeks before the hearing. Though he was incarcerated on unrelated charges on the date of the hearing, appellant failed to request a continuance of the hearing. Appellant did not file a request with the trial court to be transported to the hearing. The summons specifically stated appellant had a right to counsel and, if indigent, to apply for a public defender or court-ordered counsel within three business days after he received the summons. Appellant did not retain counsel, he did not provide any information to the court that he contacted the public defender, and did not request the trial court appoint counsel for him. We find no plain error in the trial court's finding of contempt.

{¶14} Alternatively, we find the trial court did not abuse its discretion in finding appellant in contempt in absentia. *Cattaneo v. Needham*, 5th Dist. Licking No. 2009 CA 00142, 2010-Ohio-4841 (appellate standard of review of contempt finding is abuse of discretion). It is undisputed that appellant was found in indirect civil contempt. The failure to pay child support is viewed by courts as indirect contempt, as it occurs outside the presence of the court and demonstrates a lack of respect for the court. *Bierce v. Howell*, 5th Dist. Delaware No. 06 CAF 05 0032, 2007-Ohio-3050. Further, the contempt in this case is remedial and allows the contemnor an opportunity to purge the jail sentence. *Id.* Therefore, the contempt is civil in nature, and the Civil Rules regarding notice apply. *Id.* It is undisputed that appellant received personal service of the contempt motion and summons. This service complies with the Civil Rules.

{¶15} Appellant contends due process standards prohibit the court from finding him in contempt in absentia. It is undisputed that appellant was in jail from the day he was served with the motion and summons until after the date of the hearing. However, this Court has previously held that an alleged contemnor in an indirect civil contempt action may be tried in absentia if he or she was provided with proper notice and opportunity to be heard. *Bierce v. Howell*, 5th Dist. Delaware No. 06 CAF 05 0032, 2007-Ohio-3050; see also *Musgrove v. Helms*, 2nd Dist. Greene No. 08CA96, 09CA76, 2011 WL 1225672; *Home S.&L. Co. v. Midway Marine, Inc.,* 7th Dist. Mahoning No. 10 MA 109, 2012-Ohio-2432; *Cleveland v. Bryce Peters Fin. Corp.,* 8th Dist. Cuyahoga Nos. 98006-24, 98078, 98079, 98163, 98164, 2013-Ohio-3613.

{¶16} In this case, appellant was personally served with the contempt motion and summons on June 8th, approximately two weeks before the hearing. During that time, appellant did not request a continuance due to his incarceration. Appellant did not file a request with the trial court to be transported to the hearing. Additionally, the summons specifically informed appellant that he had a right to counsel and, if indigent, to apply for a public defender or court-ordered counsel within three business days after he received the summons. Appellant did not retain counsel. He did not notify the court that he contacted the public defender. Finally, appellant did not request that the trial court appoint counsel for him.

{¶17} The case cited by appellant in support of his argument is factually distinguishable from the instant case. First, the case cited by appellant is a permanent custody case, which differs from a case dealing with indirect civil contempt. Unlike in an indirect civil contempt case, in a permanent custody case, a natural parent has a

constitutionally protected right to be present at the hearing. *Matter of K.J.*, 10th Dist. Franklin No. 17AP-457, 2018-Ohio-471. Further, in the *K.J.* case, the appellant requested a continuance of the hearing due to his incarceration. *Id.* In this case, appellant did not request a continuance, or attempt to make any contact with the court prior to the hearing.

{¶18} Based on the foregoing, appellant's assignment of error is overruled.

{¶19} The July 18, 2023 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Delaney, P.J.,

Baldwin, J., and

King, J., concur