[Cite as *Ward v. Smith*, 2024-Ohio-1682.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                    |
|--------------------------|---|----------------------------|
| TANISHA WARD             | : | Hon. W. Scott Gwin, P.J.   |
|                          | : | Hon. Craig R. Baldwin, J.  |
| Plaintiff-Appellee       | : | Hon. Andrew J. King, J.    |
|                          | : |                            |
| -vs-                     | : |                            |
|                          | : | Case No. 2023 CA 00128     |
| JEROME SMITH             | : |                            |
|                          | : |                            |
| Defendant-Appellant      | : | OPINION                    |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Juvenile Court, Case No.
                             JU123968

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 2, 2024

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

BRANDEN L. DICKERSON                D. COLEMAN BOND
Stark County C.S.E.A.               116 Cleveland Aveneue N.W.
Box 21337                           Suite 600
Canton, OH 44701                    Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant Jerome Smith appeals the August 30, 2023 judgment entry of the Stark County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2} On September 5, 2002, appellees Tanisha Ward and Stark County Department of Job and Family Services ('SCDJFS") filed a complaint for child support orders. In a decision dated December 2, 2002, the magistrate ordered appellant to pay $50.00 per month in child support and seek employment at twenty places per month, including at least two temporary employment services.

{¶3} SCDJFS filed a motion to show cause on October 22, 2010, stating appellant failed to pay child support. After appellant was appointed counsel, he failed to appear for the show cause hearing on March 3, 2011. The trial court issued a bench warrant based upon appellant's failure to appear.

{¶4} Appellant appeared before the trial court on June 1, 2011, after being arrested pursuant the warrant. Appellant stipulated to the contempt. The trial court set an imposition hearing for August 4, 2011. Appellant failed to appear for the imposition hearing, and the trial court issued a bench warrant. Appellant voluntarily turned himself in on August 16, 2011. The trial court cancelled the warrant and scheduled the imposition hearing for October 27, 2011. On October 27, 2011, the trial court sentenced appellant to twenty-five days in jail as a contempt sanction. Upon his release from jail, the trial court ordered appellant to seek employment at twenty-five businesses per month.

{¶5} The child support order terminated in 2012 due the emancipation of the child. However, child support arrearage existed, so appellant was ordered to pay $60.00, plus processing charges, each month on the arrearage.

{¶6} On January 11, 2023, appellee SCDJFS filed a motion for order to show cause. The affidavit attached to the motion made by obligee Tanisha Ward states appellant failed to pay child support as ordered by the court in the amount of $61.20 per month and failed to seek work as ordered. The trial court issued a show cause order setting a hearing for February 21, 2023. The court continued the hearing so appellant could obtain counsel.

{¶7} The magistrate held a trial on the contempt motion on June 27, 2023.

{¶8} Penny Pelfrey ("Pelfrey") is a fiscal supervisor at SCDJFS. Pelfrey testified the total arrearage through May 31, 2023 was $3,314.64, plus a $265.88 processing fee, for a total of $3,580.52. She stated the original order of support in the case was $50.00 per month, effective in 2002. The monthly arrears payment was $60.00 per month. Appellant made payments of $4.75 in July of 2004 and August of 2004. Appellant made no further direct payments. There were some involuntary intercept payments made in 2020, 2021, 2022, and 2023 from unemployment pandemic assistance. Pelfrey testified to the previous contempt finding in 2011.

{¶9} The magistrate found appellant in contempt and sentenced appellant to sixty days in the Stark County Jail. The following purge conditions were issued: follow court orders regarding child support payments, make monthly payments for twelve months, seek work at fifteen places per month, keep a written record of the applications

for review, and apply at a temporary agency. Appellant did not object to the magistrate's decision. The magistrate set an imposition hearing for August 30, 2023.

{¶10} At the imposition hearing on August 30, 2023, counsel for appellant requested that he be allowed to make small payments on a monthly basis. Counsel also stated that appellant was looking for work and had been applying for jobs, and was scheduled to start school in the fall. Counsel requested the court set the matter for a review hearing to determine if appellant obtained a job, started school, and made monthly payments. The trial court denied appellant's request, sentenced appellant to thirty days in prison with an additional thirty days suspended, and issued a judgment entry on August 30, 2023.

{¶11} Appellant appeals the August 30, 2023 judgment entry of the Stark County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE THIRTY (30) DAY JAIL TERM AGAINST APPELLANT FOR THE CONTEMPT."

I.

{¶13} In appellant's assignment of error, he contends the trial court committed error in imposing the jail term against him for contempt.

{¶14} An appeal from a finding of contempt becomes moot when an offender either purges himself of the contempt or serves the sentence. *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782; *Oyler v. Lancaster*, 5th Dist. Stark No. 2019CA00130, 2020-Ohio-758. In this case, the record demonstrates that appellant served his thirty-day jail sentence. Accordingly, appellant's assignment of error has been rendered moot.

**{¶15}** Alternatively, even if appellant's assignment of error was not moot, we find the trial court did not abuse its discretion. The parties agree the contempt in this matter is a civil contempt because the contempt was remedial and allowed appellant an opportunity to purge the jail sentence. *Gordon v. Gordon*, 5th Dist. Delaware No. 23 CAF 08 00047, 2023-Ohio-4780.

**{¶16}** An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶17}** Appellant argues the trial court abused its discretion because the purge condition of monthly payments was unreasonable and because appellant did not have the means to make monthly payments due to not being employed. A trial court abuses its discretion when it orders conditions for purging that are unreasonable or impossible for the contemnor to meet. *Protz v. Protz*, 5th Dist. Stark No. 2009CA00270, 2010-Ohio-2502.

**{¶18}** As to appellant's first argument regarding monthly payments, this Court has previously held that purge conditions that require a contemnor to pay an arrearage pursuant to a payment schedule is proper and not an abuse of discretion. *Mohler v. Mohler*, 5th Dist. Holmes No. 20CA0008, 2021-Ohio-175 (purge condition to make $400 monthly payments not an abuse of discretion); see also *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2021-08-078, 2022-Ohio-1805 (trial court did not abuse discretion by requiring appellant to make steady payments on child support arrearage); *Leuvoy v.*

*Leuvoy*, 10th Dist. Franklin No. 00AP-1378, 2001 WL 710123 (conditioning contempt sanction on paying arrearage is not future obligation).

{¶19} Reviewing the monthly payment purge condition under an abuse of discretion standard, we cannot find the monthly payment purge condition to be unreasonable, considering the amount of the arrearages and considering the fact that these orders have been in place since 2002. While minimal payments were made via involuntary intercepts of appellant's pandemic assistance funds, appellant last made minimal voluntary payments in 2004. Appellant offered to make "small" payments at the imposition hearing, but had not made any payments as required by the purge conditions issued by the magistrate.

{¶20} With regards to appellant's argument about lacking the means to make the monthly payments, "generally, impossibility of performance is a valid defense against a contempt charge." *Ruben v. Ruben*, 10th Dist. Franklin No. 12AP-717, 2013-Ohio-3924. The "contemnor bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297. A contemnor "must take all reasonable steps within [his or] her power to comply with the court's order and, when raising the defense of impossibility, must show categorically and in detail why [he or] she is unable to comply with the court's order." *Lahoud v. Tri-Monex, Inc.*, 8th Dist. Cuyahoga No. 96118, 2011-Ohio-4120. A contemnor's "unsubstantiated claims of financial difficulties do not establish an impossibility defense to a contempt charge." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297.

{¶21}  We find appellant's unemployment does not render the purge conditions unreasonable.  At the hearing, counsel for appellant stated he had applied for a job at a warehouse and "hoped" to get a job with Shearer's.  Appellant presented no testimony or evidence regarding his inability to comply with the support orders.  We find appellant failed to meet his burden to show in detail why he could not obtain employment and comply with the court's order.  He did not provide any evidence that he sought work at a minimum of fifteen places per month or that he kept a written record of his applications for review by the court as required by the magistrate as a purge condition.  Additionally, he did not provide any proof that he applied at a temp agency as required by the magistrate's purge conditions.  Appellant's unsubstantiated claims of financial difficulties do not establish an impossibility defense to the contempt charge.

{¶1}   Based on the foregoing, appellant's assignment of error is overruled. The August 30, 2023 judgment entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Baldwin, J., and

King, J., concur