[Cite as *Spears v. Botello*, 2025-Ohio-930.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


GREG SPEARS                           :        JUDGES:
                                      :        Hon. Robert G. Montgomery, P.J.
        Plaintiff - Appellee          :        Hon. Kevin W. Popham, J.
                                      :        Hon. David M. Gormley, J.
-vs-                                  :
                                      :
ROBERT BOTELLO JR.                    :        Case No. 2024 CA 0053
                                      :
        Defendant - Appellant         :        O P I N I O N



CHARACTER OF PROCEEDING:                       Appeal from the Richland County
                                               Court of Common Pleas
                                               (Domestic Relations Division),
                                               Case No. 2021 SUP 0520



JUDGMENT:                                      Affirmed



DATE OF JUDGMENT:                              March 17, 2025



APPEARANCES:

For Defendant-Appellant
ROBERT BOTELLO JR.
125 Plymouth St., Apt. 29
Shelby, Ohio 44875

*Gormley, J.*

**{¶1}** Defendant Robert Botello Jr. appeals a judgment of the Domestic Relations Division of the Richland County Court of Common Pleas. That court found Botello in contempt for failing to pay child support. In response, Botello has raised a host of concerns here, several of which go well beyond the scope of the order from which he appeals. We affirm.

## Facts and Procedural History

**{¶2}** Botello is the father of a minor child, and that child is in the custody of plaintiff Greg Spears. In 2022, the trial court issued an agreed order requiring Botello to pay a set amount of child support each month.

**{¶3}** In 2024, Spears filed a motion asking that Botello be found in contempt for failing to pay that support obligation. The trial court scheduled a hearing on the motion, and a summons with the hearing notice was served on Botello. The paperwork included with the summons advised Botello that he had the right to a hearing and the right to be represented by counsel at that hearing.

**{¶4}** Botello appeared at the court for the scheduled hearing in July 2024, and he waived his right to be represented by an attorney there. Botello also agreed that day to waive any right to contest the contempt allegation, and he agreed with a proposed order finding him in contempt and setting the payment terms that would allow him to purge the contempt.

## The Trial Court's Order is a Final and Appealable Order

**{¶5}** Before moving to the merits of Botello's appeal, we must first determine whether the trial court's July 2024 contempt order is a final appealable order.

**{¶6}** "Appellate jurisdiction is limited to review of lower courts' final judgments." *Slish v. Slish*, 2012-Ohio-1517, ¶ 24 (5th Dist.), citing Ohio Const., art. IV, § 3(B)(2). A judgment of contempt becomes a final appealable order "when there is a finding of contempt and the imposition of a penalty." *Id.* This court has held that an order that finds a party in contempt and imposes a suspended jail sentence is a final appealable order. *Id.* at ¶ 25; *accord Peterson v. Peterson*, 2004-Ohio-4714, ¶ 8 (5th Dist.) ("imposition of the sentence for contempt . . . constitute[s] a final appealable order").

**{¶7}** We find that the trial court's July 18, 2024 order — which found Botello in contempt and imposed a jail sentence that he could avoid by making timely payments as ordered — was in fact final and appealable. The case is properly before us now.

## Botello Has Failed to Comply with the Appellate Rules

**{¶8}** Our review is hampered by shortcomings in Botello's appellate brief. Appellate Rule 16 requires an appellant, among other things, to include a statement of the assignments of error and to refer to the places in the record where each error is reflected. App.R. 16(A)(3). Appellants are also required under that rule to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Further, the appellant is under a duty to ensure that the transcripts of any relevant proceedings are transcribed and made part of the record for the appellate court's review. App.R. 9(B)(1)

**{¶9}** Botello, in his brief, does not present with clarity or specificity the issues that he is raising or connect his arguments to the judgment from which he has appealed. He

also cites no legal authority in support of his contention that he was prejudiced by certain procedural errors, and he does not specify where in the record any alleged errors can be found. In addition, Botello has not provided to us a transcript of the contempt proceeding that he now challenges.

{¶10} Even so, we have done our best to understand and to address the concerns that Botello raises, which focus on the timing of the delivery of the summons that he received, his understanding of the contempt charge, the paternity of his child, a visitation schedule for the child, and driving privileges. We will consider these to be Botello's assignments of error and — to the extent these issues are properly before the court — address them below.

## Botello Was Found in Indirect Contempt for Failure to Pay Child Support

{¶11} Botello contends first that the contempt allegation was improperly characterized as a direct-contempt charge by the trial court. He is wrong.

{¶12} "An appellate court's standard of review of a trial court's contempt finding is abuse of discretion." *Beneficial Ohio, Inc. v. Ocheltree*, 2012-Ohio-4842, ¶ 11 (5th Dist.), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). An abuse of discretion has occurred when a trial court has made a decision that "was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment." *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} Any person who has a legal claim to the receipt of court-ordered support for a child may bring a contempt action alleging that another person has failed to pay that support. R.C. 2705.031(B)(1). The court must conduct a hearing prior to finding a defendant guilty of contempt. R.C. 2705.05(A). If the alleged contemnor is found guilty

of contempt, the court may impose a fine, jail days, or both.  R.C. 2705.05(A)(1).  These sanctions may be imposed for both direct and indirect contempt.  R.C. 2705.05(A).  "The imposition of any penalty for contempt under section 2705.05 of the Revised Code shall not eliminate any obligation of the accused to pay any past, present, or future support obligation."  R.C. 2705.031(E).

{¶14}  "Direct contempt occurs when a party engages in conduct in the presence of the court that interferes with the administration of justice."  *Bierce v. Howell*, 2007-Ohio-3050, ¶ 16 (5th Dist.), citing R.C. 2705.01.  Indirect contempt occurs "when a party engages in conduct outside the presence of the court that demonstrates a lack of respect for the court."  *Id.*  "Direct contempt is generally dealt with summarily, whereas it has been stated that statutory procedures must be followed in indirect contempt proceedings."  *City of Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 202 (1973).  Indirect contempt requires "a charge in writing [to be] filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel."  R.C. 2705.03.

{¶15}  Contempt may be further characterized as criminal or civil depending on the sanctions imposed.  *Bierce* at ¶ 17.  "Criminal contempt imposes sanctions that are punitive in nature, and are designed to punish the party for past failures to comply with the court's order."  *Id.*, citing *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555 (2001).  Civil contempt "is remedial or coercive in nature, and will be imposed to benefit the complainant."  *Id.* at ¶ 18, citing *DeLawder v, Dodson*, 2003-Ohio-2092, ¶ 9 (4th Dist.).  "Any sanction imposed by the court for civil contempt must provide the contemnor with an opportunity to purge himself or herself of the contempt."  *Id.*, citing *DeLawder* at ¶ 10.

**{¶16}** When sanctions are imposed for civil contempt, "[t]he contemnor is said to carry the keys of his prison in his own pocket . . . since he will be freed if he agrees to do as so ordered." *Id.*, quoting *Brown v. Executive 200. Inc.*, 64 Ohio St.2d 250, 253 (1980). "The failure to pay child support is viewed by courts as indirect contempt, as it occurs outside the presence of the court and demonstrates a lack of respect for the court." *Gordon v. Gordon*, 2023-Ohio-4780, ¶ 14 (5th Dist.), citing *Bierce* at ¶ 16.

**{¶17}** Botello appears to misunderstand the distinction between direct and indirect contempt and argues that he was found in direct contempt. He was not. The motion for contempt was brought based on Botello's failure to make some required child-support payments, which is something that had occurred outside the presence of the trial court. Botello was sentenced to 30 days in jail with the option to purge his contempt and avoid the jail sentence entirely by making $80 monthly payments toward his arrearage as well as a lump-sum payment of $1,200 by a particular date.

**{¶18}** The trial court's finding that Botello was in contempt for failure to pay child support — a finding with which Botello agreed at the contempt hearing, according to the trial court's judgment entry — was not unreasonable, arbitrary, or unconscionable, and the sanctions imposed by the trial court (again, with Botello's agreement) were appropriate indirect-contempt penalties. Botello's first assignment of error is overruled.

**Botello Received Notice that Complied with the Civil Rules**

**{¶19}** Botello argues next that the notice he received about the contempt hearing was invalid under the Civil Rules. We disagree.

**{¶20}** When a contempt allegation is civil in nature, the civil rules regarding notice apply. *Bierce*, 2007-Ohio-3050 at ¶ 20 (5th Dist.). Civil Rule 4.1(B)(2) mentions a 28-

day period within which a process server can attempt to serve a person in a civil case, but that rule provides that any failure to provide service within that 28-day period does not affect the validity of service that occurs later. Civ.R. 4.1(B)(2)(b). Botello argues that he was not served within 28 days of the filing of the motion for contempt. That may be true, but nothing in the Civil Rules bars service after that time.

**{¶21}** Botello was served with the summons on May 16, 2024, and the contempt hearing was scheduled for July 18, 2024. This court has found that an alleged contemnor received sufficient notice of a contempt hearing where the contempt motion and a summons were personally delivered to him approximately two weeks before the scheduled contempt hearing. *Gordon,* 2023-Ohio-4780, at ¶ 14, 16 (5th Dist.). Botello certainly received adequate notice about the hearing and about his opportunity to be heard at that hearing. Botello's second assignment of error is overruled.

## Botello Raises Other Issues That Are Not Properly Before Us Now

**{¶22}** In his brief, Botello raises a host of other issues, including the lack of any testing to establish his paternity of the child for whom he is paying support, the establishment of a visitation schedule for him with the child, and driving privileges. None of those other issues appear to have been raised or addressed at the contempt hearing, and certainly none of them were discussed in the trial judge's order finding Botello in contempt.

**{¶23}** "[W]hen considering an appeal from a trial court's finding of contempt, the appellant cannot raise as a defense challenges to the merits of the underlying order from which the appellant did not directly appeal." *Lundy v. Lundy*, 2013-Ohio-3571, ¶ 34 (11th Dist.), citing *Lucas v. Lucas*, 2007-Ohio-5607, ¶ 12 (11th Dist.) "Inviting a finding of

contempt, and appealing from it, is no substitute for a proper appeal from a trial court's alleged error." *Lucas* at ¶ 12.

**{¶24}** This court's review is limited to issues addressed by the trial court at the contempt hearing. We cannot address Botello's other concerns about issues that may have been the subject of earlier orders in the case or that may be addressed by the trial court in future proceedings.

**{¶25}** For the reasons explained above, we affirm the trial court's judgment.


By: Gormley, J.

Montgomery, P.J. and

Popham, J. concur.